1  SIDLEY AUSTIN LLP
   JEFFREY M. OLSON (SBN 104074)
2  jolson@sidley.com
   PAUL H. MEIER (SBN 115999)
3  pmeier@sidley.com
   SAMUEL N. TIU (SBN 216291)
4  stiu@sidley.com
   555 W. Fifth Street, Suite 4000
5  Los Angeles, California 90013
   (213) 896-6000 phone
6  (213) 896-6600 fax

7  Attorneys for Plaintiff
   CARDICA, INC.
8

**Conformed Copy**

ORIGINAL
FILED

MAY 22 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

BZ

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

C 07 2687

12

13 | CARDICA, INC., a Delaware corporation,    ) Case No. _____
                                               )
14 |              Plaintiff,                   ) **COMPLAINT FOR INTERFERING**
                                               ) **PATENTS ACTION PURSUANT TO**
15 |   v.                                      ) **35 U.S.C. § 291**
                                               )
16 | INTEGRATED VASCULAR                       ) **DEMAND FOR JURY TRIAL**
     INTERVENTIONAL TECHNOLOGIES, L.C., )
17 | a Utah limited liability company,         )
                                               )
18 |              Defendant.                   )
                                               )

Plaintiff, Cardica, Inc. ("Cardica"), through its attorneys, allege for its complaint against Defendant, Integrated Vascular Interventional Technologies, L.C. ("IVIT"), upon knowledge with respect to Cardica's own actions and upon information and belief with respect to the actions of others:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of Title 28, United States Code §§ 1331, and 1338(a), this action arising under the Patent Laws of the United States, Title 35 U.S.C. § 1, et seq., including 35 U.S.C. § 291.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this 35 U.S.C. § 291 interference claim occurred in this district, a substantial part of the property that is the subject of this action is situated in this district, and/or IVIT is subject to personal jurisdiction in this district.

3. On information and belief, IVIT and/or one or more of its predecessors-in-interest, including Duane Blatter ("Blatter"), conducts business in California, including traveling to San Francisco, California and attending a scientific meeting in San Francisco, California where Blatter purportedly invented (according to IVIT) subject matter that is at issue in this interference action.

## THE PARTIES

4. Cardica is a Delaware corporation having its principal place of business at 900 Saginaw Drive, Redwood City, CA 94063.

5. On information and belief, IVIT is a Utah limited liability company with a principal place of business at 825 North 300 West, Suite NE 302, Salt Lake City, UT 84103. IVIT is the named assignee of United States Patent No. 7,220,268 (hereafter referred as the "'268 patent"). A copy of the '268 patent is attached to this complaint as Exhibit A.

6. On information and belief, Blatter is the founder and managing partner of IVIT.

## FACTUAL BACKGROUND

7. Cardica re-alleges and incorporates by reference paragraphs 1-6 above, as though fully stated herein.

1   8. On June 20, 2006, United States Patent Nos. 7,063,712 (the "'712 patent"), entitled
2   "Anastomosis Method," was issued by the United States Patent and Trademark Office ("USPTO").
3   The '712 patent is a continuation of U.S. Patent No. 6,478,804, which is a division of U.S. Patent
4   No. 6,391,038 (the "'038 Patent"). The '038 Patent was issued by the USPTO on May 21, 2002.
5   Cardica is the owner of all three patents referred to in this paragraph.

6   9. The '038 patent is attached to this complaint as Exhibit B, and the '712 patent is
7   attached to this complaint as Exhibit C.

8   10. The subject matter of the '038 patent and '712 patent was invented in this district.

9   11. On May 22, 2007, the '268 patent, entitled "Methods for Anastomosis of a Graft
10  Vessel to a Side of a Receiving Vessel," was issued by the USPTO.

11  12. On the face of the '268 patent, it claims to be a continuation of U.S. Patent
12  Application Serial No. 10/243,543, entitled "Anvil Apparatus for Anastomosis and Related Methods
13  and Systems," filed on September 12, 2002. U.S. Patent Application Serial No. 10/243,543 is
14  hereafter referred to as the "'543 Application." Blatter is the named inventor of the '543
15  Application, and IVIT is the assignee of the '543 Application.

16  13. The '543 Application claims to be a continuation of U.S. Application Serial No.
17  09/293,366, entitled "Methods, Systems and Apparatus for Intraluminally Directed Vascular
18  Anastomosis," filed on April 16, 1999. On information and belief, U.S. Application Serial No.
19  09/293,366 issued into U.S. Patent No. 6,623,494 on September 23, 2003.

20  14. The '543 Application and the '038 patent were the subject of a patent interference
21  proceeding, captioned *Vargas et al. v. Blatter*, Patent Interference No. 105,426, before the Board of
22  Patent Appeals and Interferences of the USPTO. This interference proceeding is hereafter referred
23  to as the "USPTO Interference Action."

24  15. Claim 12 of the '543 Application has been declared as corresponding to the count of
25  the USPTO Interference Action. Claim 12 of the '543 Application recites:

26      A method of controlling tissue at an anastomosis site during an
27      anastomosis procedure, the method comprising:
28          inserting an anvil into a pressurized target vessel;

supporting a wall of the pressurized target vessel at an intended anastomosis site with the anvil positioned adjacent an interior of the wall;

clamping a wall of the pressurized target vessel between the anvil and a clamp;

forming an incision in the wall of the pressurized target vessel before attaching the vessels together;

attaching a graft vessel to the pressurized target vessel;

and removing the anvil.

16. Claim 12 was not made in the '543 Application prior to one year from the date of the issuance of the '038 patent.

17. Claims 1, 2, 5-8, 10-12, 15, and 17-19 of the '038 Patent have been declared as corresponding to the count of the USPTO Interference Action. Claim 1 of the '038 patent recites:

A method of controlling a tissue site during an anastomosis procedure, the method comprising:

inserting an anvil into a pressurized vessel at an intended anastomosis site;

supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall;

performing anastomosis; and

removing the anvil.

18. In the USPTO Interference Action, IVIT contends that Blatter purportedly invented the subject matter of '543 Application, which shares the same written description and subject matter as the '268 patent, in San Francisco, California when he attended the SCVIR 23rd Annual Scientific Meeting in San Francisco, California held on February 28 to March 5, 1998.

19. On February 13, 2007, the Board of Patent Appeals and Interferences entered judgment against IVIT in the USPTO Interference Action and (1) awarded priority of the subject matter of the count to Cardica and (2) ordered that IVIT is not entitled to a patent containing claim 12 of the '543 Application because such claim was not made in the '543 Application prior to one year from the date of the issuance of the '038 patent. The USPTO Interference Action was recently

terminated when the time for an appeal of the February 13, 2007 judgment expired without any appeal having been taken, and IVIT is now bound by that judgment.

### INTERFERENCE PURSUANT TO 35 U.S.C. § 291

20.    Cardica re-alleges and incorporates by reference paragraphs 1-19 above, as though fully stated herein.

21.    The '268 patent includes or potentially includes claims with interfering and invalid subject matter in view of the '038 patent and/or '712 patent owned by Cardica.

22.    By way of example of an actual or potentially interfering and invalid subject matter in the '268 patent in view of the '038 patent and/or '712 patent, claim 100 of the '268 patent recites:

> *'268 patent Claim 100.* A method for anastomosis of a graft vessel to a side of a receiving vessel, the method comprising:
>
> positioning an anvil within a lumen of a receiving vessel at an anastomosis site of the receiving vessel, wherein the anastomosis site is located at a side of the receiving vessel, wherein a component extends from the anvil, and wherein the component extends through the wall of the receiving vessel;
>
> holding a portion of the wall of the receiving vessel at the anastomosis site between the anvil and a component of an extravascular device to isolate a region of the wall and to stretch at least part of the isolated region prior to forming an anastomosis opening, wherein the component of the extravascular device is positioned outside of a graft vessel lumen;
>
> joining a graft vessel to the side of the receiving vessel at the anastomosis site;
>
> cutting the wall of the receiving vessel to form an anastomosis opening in the side of the receiving vessel at the anastomosis site; and
>
> removing the anvil from the anastomosis site after the graft vessel has been joined to the side of the receiving vessel and the opening has been formed in the receiving vessel, wherein anvil is positioned in the anastomosis site while the receiving vessel remains pressurized, wherein the anvil enables the receiving

vessel to remain pressurized as the graft vessel is joined to the side of the receiving vessel and as the opening is formed in the receiving vessel at the anastomosis site.

23. Claim 100 was not made in the application that issued into the '268 patent prior to one year from the date of the issuance of the '038 patent.

24. Claims 1, 2, 5, and 8 of the '038 patent recite:

*'038 patent Claim 1.* A method of controlling a tissue site during an anastomosis procedure, the method comprising:

inserting an anvil into a pressurized vessel at an intended anastomosis site;

supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall;

performing anastomosis; and

removing the anvil.

*'038 patent Claim 2.* The method of claim 1, further comprising a step of forming an incision in the wall of the pressurized vessel after the step of performing the anastomosis to allow blood flow between the pressurized vessel and a graft vessel.

*'038 patent Claim 5.* The method of claim 2, wherein the incision is made before removing the anvil.

*'038 patent Claim 8.* The method of claim 1, further comprising a step of clamping a wall of the pressurized vessel between the anvil and a clamp, and forming an incision in the wall of the pressurized vessel before the step of performing the anastomosis.

25. Claims 8 and 9 of the '712 patent recite:

*'712 patent Claim 8.* A method of performing anastomosis between a graft vessel and a target vessel, comprising:

placing an end of the graft vessel against the side of the target vessel at a first location;

>   inserting an anvil through the side of the target vessel at a second location adjacent to said first location;
>
>   deploying a plurality of connectors to secure the graft vessel to the target vessel; and
>
>   creating an opening in the target vessel to allow fluid flow between the graft vessel and the target vessel.
>
>   *'712 patent Claim 9.* The method of claim 8, wherein said inserting comprises pressing said anvil through the side of the target vessel.

26.  Taking into consideration the contentions advanced by IVIT in the USPTO Interference Action, including contentions as to claim construction and the understanding of one skilled in the art, claim 100 of the '268 patent contains actual or potentially interfering and invalid subject matter in view of at least claims 1, 2, 5, and 8 of the '038 patent and/or claims 8 and 9 of the '712 patent.

27.  By way of further example of an actual or potentially interfering and invalid subject matter in the '268 patent in view of the '038 patent and/or '712 patent, claim 78 of the '268 patent recites:

>   *'268 patent Claim 78.* A method for anastomosis of an open end of a graft vessel to a side of a receiving vessel, the method comprising:
>
>   positioning an anvil within a lumen of a receiving vessel at an anastomosis site of the receiving vessel, wherein the anastomosis site is located at a side of the receiving vessel;
>
>   manipulating the anvil via a component extending from the anvil to cause a region of a wall of the receiving vessel at the anastomosis site to stretch and to conform to the shape of a portion of the anvil contacting the wall of the receiving vessel, wherein the component extends through the wall of the receiving vessel;
>
>   joining a graft vessel to the side of the receiving vessel at the anastomosis site;

forming an anastomosis opening in the wall of the receiving vessel at the anastomosis site, wherein the anastomosis opening is distinct from an opening used to achieve the introduction of the anvil into the lumen of the receiving vessel; and

removing the anvil from the anastomosis site, after the graft vessel has been joined to the side of the receiving vessel and the opening has been formed in the receiving vessel, wherein the receiving vessel remains pressurized as the graft vessel and the receiving vessel are anastomosed together.

28.     Claim 78 was not made in the application that issued into the '268 patent prior to one year from the date of the issuance of the '038 patent.

29.     Claims 1, 2, and 5 of the '038 patent recite:

'038 patent Claim 1.  A method of controlling a tissue site during an anastomosis procedure, the method comprising:

inserting an anvil into a pressurized vessel at an intended anastomosis site;

supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall;

performing anastomosis; and

removing the anvil.

'038 patent Claim 2.  The method of claim 1, further comprising a step of forming an incision in the wall of the pressurized vessel after the step of performing the anastomosis to allow blood flow between the pressurized vessel and a graft vessel.

'038 patent Claim 5.  The method of claim 2, wherein the incision is made before removing the anvil.

30.     Claims 8-9 of the '712 patent recite:

'712 patent Claim 8.  A method of performing anastomosis between a graft vessel and a target vessel, comprising:

placing an end of the graft vessel against the side of the target vessel at a first location;

inserting an anvil through the side of the target vessel at a second location adjacent to said first location;

deploying a plurality of connectors to secure the graft vessel to the target vessel; and

creating an opening in the target vessel to allow fluid flow between the graft vessel and the target vessel.

*'712 patent Claim 9.* The method of claim 8, wherein said inserting comprises pressing said anvil through the side of the target vessel.

31. Taking into consideration the contentions advanced by IVIT in the USPTO Interference Action, including contentions as to claim construction and the understanding of one skilled in the art, claim 78 of the '268 patent contains actual or potentially interfering and invalid subject matter in view of at least claims 1, 2, and 5 of the '038 patent and/or claims 8 and 9 of the '712 patent.

32. Cardica seeks a ruling that IVIT is estopped from claiming any subject matter that was or should have been the subject of the USPTO Interference Action, including any claim in the '268 patent that is not patentably distinct from any claim corresponding to the count of the USPTO Interference Action.

33. Cardica seeks a ruling pursuant to 35 U.S.C. § 291 that the claims within the '268 patent that interfere with claims in the '038 patent and/or '712 patent are invalid.

34. On information and belief, the '268 patent is also invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including violation of Sections 112 and 135(b) thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

## PRAYER FOR RELIEF

WHEREFORE, Cardica prays the Court for the following relief:

1. That the Court declare invalid any and all claims in the '268 patent that interfere with the subject matter of the '038 patent and/or '712 patent;

2. That the Court declare that the '268 patent invalid, including that the '268 patent fails to meet the requirements of 35 U.S.C. § 112 and/or is invalid under 35 U.S.C. § 135(b);

3. That Cardica be awarded its reasonable costs and attorneys' fees;

4. That Cardica have such other and further legal or equitable relief as the Court may deem necessary or appropriate.

## DEMAND FOR JURY TRIAL

Cardica hereby demands a trial by jury for each and every issue so permitted by law and statute.

SIDLEY AUSTIN LLP

Dated: May 22, 2007        By /s/ Jeffrey M. Olson
                              Jeffrey M. Olson
                              Attorneys for Plaintiff
                              CARDICA, INC.