BRENT P. LORIMER (USB No. A3731)
(to be admitted pro hac vice)
blorimer@wnlaw.com
THOMAS R. VUKSINICK (USB No. A3341)
(to be admitted pro hac vice)
tvuksinick@wnlaw.com
CHAD E. NYDEGGER (USB No. 9664)
(to be admitted pro hac vice)
cnydegger@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Robert H. Sloss (State Bar No. 87757)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
rsloss@fbm.com

Attorneys for Defendant
INTEGRATED VASCULAR INTERVENTIONAL
TECHNOLOGIES, LC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDICA, INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, LC, a Utah limited liability company,, <br><br> Defendant. | Case No. C07-2687 SBA <br><br> **DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: December 4, 2007 <br> Time: 1:00 p.m. <br> Judge: Hon. Saundra Brown Armstrong <br> Dept.: Courtroom 3, Third Floor |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA

22502\1355254.1

1  TO EACH PARTY AND ITS ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT on December 4, 2007, at 1:00 p.m. or as soon thereafter
3  as the matter may be heard, in the courtroom of the Honorable Saundra Brown Armstrong of the
4  United States District Court for the Northern District of California, defendant IVIT, Inc. will, and
5  hereby does, move the Court for an order dismissing the complaint of Cardica, Inc. ("Cardica")
6  for lack of personal jurisdiction.

7  This motion is based upon the accompanying Memorandum of Points and Authorities and
8  the Declaration of Dr. Duane D. Blatter, all matters of which this Court may take judicial notice,
9  argument that may be heard on this Motion, the pleadings and papers filed herein, and all other
10  matters properly before the Court.

11

12  Dated: October 1, 2007                    FARELLA BRAUN & MARTEL LLP

13

14                                            By: /s/
                                                  Robert H. Sloss
15
                                              Attorneys for Defendant
16                                            INTEGRATED VASCULAR
                                              INTERVENTIONAL TECHNOLOGIES, LC
17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA

22502\1355254.1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF ISSUE TO BE DECIDED ................................................................... 2

III. STATEMENT OF FACTS ................................................................................................. 2

    A. Cardica's Claim ...................................................................................................... 2

    B. The Court Has No Specific Personal Jurisdiction Over IVIT ................................. 3

    C. The Court Has No General Personal Jurisdiction Over IVIT ................................. 3

IV. ARGUMENT ...................................................................................................................... 4

    A. Cardica Cannot Establish Specific Personal Jurisdiction Over IVIT ...................... 4

        1. The Contact Cardica Relies Upon to Establish Specific Personal Jurisdiction Over IVIT Is Insufficient Because the Contact Is Not That of IVIT .................................................................................................. 5

        2. Even If Dr. Blatter's Contact with California Could Be Imputed to IVIT, that Contact Is Insufficient to Support Specific Personal Jurisdiction Because It Was Fortuitous, Rather than Purposeful ............... 6

        3. The Court Lacks Specific Personal Jurisdiction Over IVIT Because Cardica's Claims Do Not Arise Out of the Dr. Blatter's Contacts with California ................................................................................................ 8

    B. This Court Lacks General Personal Jurisdiction Over IVIT .................................. 9

        1. Legal Standard for General Personal Jurisdiction ...................................... 9

        2. IVIT Lacks the Continuous and Systematic Contacts Necessary for the Court to Assert General Personal Jurisdiction Over IVIT ................. 10

V. CONCLUSION ................................................................................................................ 11

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA

- i -

22502\1355254.1

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Amba Marketing Systems, Inc. v. Jobar Intern.*,
    551 F.2d 784 (9th Cir. 1977).................................................................................................. 10

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
    1 F.3d 848 (9th Cir. 1993)....................................................................................................... 9

*Bancroft & Masters, Inc. v. Augusta National, Inc.*,
    223 F.3d 1082 (9th Cir. 2000).......................................................................................... 10, 11

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986)................................................................................................ 10

*Cubbage v. Merchent*,
    744 F.2d 665 (9th Cir. 1984), *cert. denied*,
    470 U.S. 1005, 84 L. Ed. 2d 380, 105 S. Ct. 1359 (1985) ...................................................... 9

*Gates Learjet Corp. v. Jensen*,
    743 F.2d 1325 (9th Cir. 1984), *cert. denied*,
    471 U.S. 1066, 85 L. Ed. 2d 500, 105 S. Ct. 2143 (1985) ...................................................... 9

*Gator.Com. Corp v. L.L. Bean, Inc.*,
    341 F.3d 1072 (9th Cir. 2003).................................................................................................. 9

*Glencore Grain v. Shivnath Rai Harnarain*,
    284 F.3d 1114 (9th Cir. 2002)............................................................................................. 5, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984) ........................................................ 9

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
    800 F.2d 1474 (9th Cir. 1986)................................................................................................ 10

*Panavision International, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998).................................................................................................. 4

*Perkins v. Benguet Consolidated Mining Co.*,
    342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413 (1952) ................................................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)................................................................... 4, 5, 6, 8, 9, 10

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990).................................................................................................. 4

*Shute v. Carnival Cruise Lines*,
    897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds*,
    499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991) ...................................................... 9

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA

- ii -

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Terracom v. Valley National Bank*,
    49 F.3d 555 (9th Cir. 1995) ............................................................................................... 6

**FEDERAL STATUTES**

35 U.S.C.
    § 112 ................................................................................................................................. 2
    § 135(b) ............................................................................................................................ 2
    § 291 ................................................................................................................................. 2

**STATE STATUTES**

California Code of Civil Procedure
    § 410.10 ............................................................................................................................ 4

**FEDERAL RULES**

Federal Rules of Civil Procedure
    Rule 4(k)(1) ...................................................................................................................... 4

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA

- iii -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion seeks dismissal of Cardica's complaint because this Court lacks either specific or general personal jurisdiction over IVIT.  The complaint alleges claims against IVIT for patent interference and patent invalidity with respect to U.S. Patent No. 7,220,268 (referred to as "the '268 patent" or "the IVIT patent").  The complaint names Integrated Vascular Interventional Technologies, LC ("IVIT, LC"), a limited liability company, as the assignee of the '268 patent and sole defendant.  As a result of a merger, IVIT, Inc., a corporation, is in fact the owner of the '268 patent, and the proper defendant in this action.  This motion proceeds as if IVIT, Inc. had been properly named as the defendant.  For convenience, unless circumstances indicate otherwise, references to "IVIT" include both IVIT, LC and IVIT, Inc.

Cardica's Complaint attempts to allege both specific and general personal jurisdiction over IVIT.  The contact with California alleged as the basis for specific personal jurisdiction is as peculiar as it is unique.  Cardica's assertion of specific personal jurisdiction is not based on the type of contacts normally giving rise to specific personal jurisdiction over nonresidents, such as entering into contracts in California, selling products into California, or similar conduct.  Instead, Cardica's assertion of specific jurisdiction is based on a single allegation of mental activity by an individual who was not at the time an agent of IVIT.  Specifically, Cardica alleges that Dr. Duane Blatter (not IVIT) just happened to be in California when he conceived of the subject matter of the '268 patent.

This Court cannot exercise specific personal jurisdiction over IVIT for a host of reasons. First, the thought processes of Dr. Blatter relied upon by Cardica to assert specific jurisdiction were those of Dr. Blatter, not IVIT.  IVIT did not even exist at the time Dr. Blatter conceived of the subject matter of the '268 patent.  Dr. Blatter's thoughts about the subject matter of the '268 patent cannot be attributed to IVIT as it did not even exist.  Second, only purposeful, as distinguished from fortuitous, contacts with the forum will support specific personal jurisdiction. Dr. Blatter did not go to California with the intention or purpose of conceiving the subject matter of the IVIT patent.  The locus of conception was strictly fortuitous.  Third, the law requires a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA       - 1 -                    22502\1355254.1

1  nexus between contacts alleged to support specific personal jurisdiction and the claims asserted in
2  the Complaint. Here, there must be a nexus between Dr. Blatter's presence in California when he
3  conceived of the '268 patent and Cardica's claim that the IVIT patent is interfering and invalid.
4  In other words, Cardica's claims must "arise out" of Dr. Blatter's contacts with California. They
5  do not. Cardica's claims for patent interference and invalidity arise out of the issuance of the
6  '268 patent by the U.S. Patent and Trademark Office ("PTO") in Virginia. There is no causal
7  nexus between Dr. Blatter's conception of the '268 patent in California and the PTO's issuance of
8  the patent in Virginia.

9  General jurisdiction is similarly absent. Neither IVIT, LC nor IVIT, Inc. has the
10 continuing and systematic general business contacts necessary to sustain a claim of general
11 personal jurisdiction. Cardica makes vague allegations that IVIT or its predecessors in interest
12 conduct business in California. But the fact is that neither IVIT, LC nor IVIT, Inc. has any
13 physical presence in California. Neither has ever advertised in California, been licensed in
14 California, or made or sold any product in California. The "continuous and systematic" contacts
15 necessary for general jurisdiction California are absent.

16 Given the absence of specific and general jurisdiction over IVIT, Cardica's Complaint
17 should be dismissed.

## II. STATEMENT OF ISSUE TO BE DECIDED

19 Whether this Court has specific or general personal jurisdiction over IVIT.

## III. STATEMENT OF FACTS

### A. Cardica's Claim.

22  1. Cardica alleges a claim for patent interference under 35 U.S.C. § 291 and a claim
23 for patent invalidity under 35 U.S.C. §§ 112 and 135(b), asserting that the PTO improperly issued
24 the '268 patent. Complaint, at pp. 4-8.

25  2. The PTO is located in Virginia.

26  3. The '268 patent was issued by the PTO on May 22, 2007. *See* Complaint, at Exh.
27 A ('268 patent).

28  4. Dr. Duane Blatter is named as the inventor on the '268 patent. *Id.*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA       - 2 -                    22502\1355254.1

5. Kevin Laurence, an attorney practicing out of his office in Salt Lake City, Utah, prosecuted the application that issued as the '268 patent. *See* Declaration of Duane D. Blatter, M.D. in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Blatter Decl.") filed concurrently herewith, at p. 2, ¶ 8.

**B.     The Court Has No Specific Personal Jurisdiction Over IVIT.**

6. Dr. Blatter, the inventor of the '268 patent, went to California in February/March 1998 to satisfy requirements for continuing education in connection with his licensure as a physician. *Id.* at p. 2, ¶ 4.

7. While in California in March 1998, Blatter conceived the idea for the subject matter of the '268 patent. *Id.* at p. 2, ¶ 5.

8. Neither IVIT, LC nor IVIT, Inc. existed in March 1998. *See id.* at p. 2, ¶ 7 & p. 3, ¶ 17.

9. IVIT, LC was not formed until September 1998. *Id.* at p. 2, ¶ 7.

10. IVIT, Inc., IVIT, LC's successor, was not formed until July, 2006. *Id.* at p. 3, ¶¶ 17-18.

**C.     The Court Has No General Personal Jurisdiction Over IVIT.**

11. IVIT, Inc. is, and was at the time the complaint was filed, the owner of the '268 patent. *See id.* at p. 3, ¶ 19.

12. IVIT, Inc. has

    a.  Never sold any products in California or anywhere else. *Id.* at p. 3, ¶ 20.

    b.  Never maintained any office in California. *Id.* at p. 3, ¶ 21.

    c.  Never owned real property in California. *Id.* at p. 3, ¶ 22.

    d.  Never served any California market. *Id.* at p. 3, ¶ 23.

    e.  Never had an agent for service of process in California. *Id.* at p. 3, ¶ 24.

    f.  Never aimed any advertising at California. *Id.* at p. 3, ¶ 25.

    g.  Never been registered or licensed to do business in California. *Id.* at p. 3, ¶ 26.

    h.  Never had a place of business in any state other than Utah. *Id.* at p. 3, ¶ 27.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                - 3 -                                22502\1355254.1

1    13.   IVIT, LC owned the '268 patent before IVIT, Inc.

2    14.   IVIT, LC has

3          a.   Never sold any products in California or anywhere else. *Id.* at p. 2, ¶ 9.

4          b.   Never maintained any office in California. *Id.* at p. 2, ¶ 10.

5          c.   Never owned real property in California. *Id.* at p. 2, ¶ 11.

6          d.   Never served any California market. *Id.* at p. 3, ¶ 12.

7          e.   Never had an agent for service of process in California. *Id.* at p. 3, ¶ 13.

8          f.   Never aimed any advertising at California. *Id.* at p. 3, ¶ 14.

9          g.   Never been registered or licensed to do business in California. *Id.* at p. 3, ¶

10   15.

11         h.   Never had a place of business in any state other than Utah. *Id.* at p. 3, ¶ 16.

## IV. ARGUMENT

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Because no applicable federal statute in this case governs personal jurisdiction, the Court must apply the law of California, the state in which this Court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01 (citing *Panavision*, 141 F.3d at 1320 (citing Cal. Civ. Proc. Code § 410.10))).

### A.   Cardica Cannot Establish Specific Personal Jurisdiction Over IVIT.

The Ninth Circuit uses a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA    - 4 -    22502\1355254.1

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Cardica carries the burden of establishing the first two prongs of specific personal jurisdiction analysis, and must establish both before the Court may invoke personal jurisdiction. *Id.* Even if Cardica were able to establish both of the first two prongs, IVIT could still rely on the third prong to defeat jurisdiction by showing that the exercise of specific personal jurisdiction would be unfair, unjust or unreasonable. *Id.* Because Cardica cannot establish either of the first two prongs of the analysis, there is no specific personal jurisdiction, and it is unnecessary to address the third prong. Consequently, only the first two prongs will be addressed below.

**1.    The Contact Cardica Relies Upon to Establish Specific Personal Jurisdiction Over IVIT Is Insufficient Because the Contact Is Not That of IVIT.**

The sole contact upon which Cardica relies for its assertion of specific personal jurisdiction is identified in paragraph 3 of the Complaint. There Cardica alleges that Dr. Blatter, the inventor of the IVIT patent, "travel[ed] to San Francisco, California and attend[ed] a scientific meeting in San Francisco, California where Blatter purportedly invented . . . subject matter that is at issue in this interference action."[1] Complaint, p. 1, ¶ 3. Thus, taking the allegations of the Complaint at face value, the contact with California that Cardica relies upon for specific personal jurisdiction is a contact of Dr. Blatter, not a contact of IVIT. Specific personal jurisdiction over IVIT must be based on IVIT's contacts with California, not those of Dr. Blatter, because IVIT, not Dr. Blatter, is the defendant here. *See, Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1123 (9th Cir. 2002) ("By requiring that contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State, the Constitution ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.") (emphasis in original; internal quotations omitted). Dr.

---

[1] By "invented" Cardica is referring to the mental activity associated with the conception of the subject matter of the invention of the IVIT patent. *See*, Blatter Decl., at p. 2, ¶ 5.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                - 5 -                22502\1355254.1

1  Blatter's visit to California is not contact with California by IVIT for purposes of specific

2  personal jurisdiction because, as explained below, Dr. Blatter was visiting California in his

3  personal capacity and neither IVIT, LC nor IVIT, Inc. existed at the time. Dr. Blatter's contact

4  with California is, therefore, insufficient to support jurisdiction over IVIT.

5      Dr. Blatter's visit to California alleged in the Complaint occurred at the end of February,

6  beginning of March 1998. The purpose of his visit was personal. He was in California to attend a

7  scientific conference to satisfy requirements for professional continuing education in connection

8  with his licensure as a physician. Blatter Decl., at p. 2, ¶ 4. At the time of the conference, IVIT

9  did not yet exist in any form. IVIT, LC was not formed until September 1998, 7-8 months after

10  the conference. *Id.* at p. 2, ¶ 7. IVIT, Inc., the owner of the '268 patent, was not formed until

11  July 2006, more than eight years after the conference. *Id.* at p. 3, ¶ 17. Dr. Blatter's contact

12  therefore was not and could not have been on behalf of either IVIT because neither existed at the

13  time. Dr. Blatter's attendance at the conference in March 1998 and his conception of the '268

14  invention there are not contacts of IVIT with California, and therefore cannot serve as a basis for

15  asserting personal jurisdiction (specific or general) against IVIT, LC or IVIT, Inc.

    **2.  Even If Dr. Blatter's Contact with California Could Be Imputed to IVIT, that Contact Is Insufficient to Support Specific Personal Jurisdiction Because It Was Fortuitous, Rather than Purposeful.**

18      The first prong of the specific personal jurisdiction analysis requires that the non-resident

19  defendant has "purposefully directed" its activities at California or that it has "purposefully

20  availed" itself of the privilege of conducting activities within California, thereby invoking the

21  benefits of its laws. *Schwarzenegger*, 374 F.3d at 801. Fortuitous, random or attenuated contacts

22  are insufficient to support specific or general personal jurisdiction. *Terracom v. Valley Nat.*

23  *Bank*, 49 F.3d 555, 560 (9th Cir. 1995).

24      As mentioned above, Cardica's sole allegation of conduct giving rise to specific

25  jurisdiction is based on Dr. Blatter having "invented" the subject matter of IVIT's allegedly

26  interfering patent in California while attending a conference to fulfill his professional continuing

27  education requirements. Dr. Blatter "invented" the subject matter of the allegedly interfering

28  patent only in the sense that the idea for the subject matter of the invention occurred to him while

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA     - 6 -     22502\1355254.1

he was in California. He did not "invent" the invention in California in the sense of conducting experiments, or building prototypes, or doing developmental work in California. All of that type of hands-on work occurred in Utah. Blatter Decl., at p. 2, ¶ 6.

Because of their nature, thoughts cannot fairly be said to be activity or contacts for purposes of personal jurisdiction. Thoughts are necessarily tied to the person who thinks them, not the geographic location in which the thoughts occur. The insular nature of the thought process makes it inconceivable that the "purposefully directed" or "purposefully availed" requirements of the first prong of the specific personal jurisdiction analysis could ever be satisfied by the mental conception of an invention in the forum. Certainly, Dr. Blatter did not "purposefully direct" any activity into California or "purposefully avail" himself of the privilege of conducting activities in California or the benefits of its laws by thinking about the subject matter of the IVIT patent while in California. Dr. Blatter's inventive thoughts were directed inwardly, to himself, not "purposefully" or otherwise directed to California or any resident of California. In order to think about the subject matter of the IVIT invention in California, Dr. Blatter did not, and did not have to, enter into any contract in California. Moreover, Dr. Blatter's thoughts were not made under the auspices of any California law. Dr. Blatter did not "purposefully" avail himself of the privilege of conducting activities in California or the benefits of California law, because California law does not regulate an inventor's thought processes, nor does an inventor have to obtain a California permit to conceive of an invention within the boundaries of the state.

That Dr. Blatter was in California when the idea for the subject matter of IVIT's patent came to him is strictly a matter of happenstance. Dr. Blatter did not go to California with the intention or purpose of "inventing" while he was there. Blatter Decl., at p. 2, ¶ 4. Dr. Blatter happened to be in California when the idea for the subject matter of the invention popped into his mind, but the fact is he could have been anywhere. Thus, even if Dr. Blatter's inventive thoughts were somehow attributable to IVIT, the court lacks specific personal jurisdiction over IVIT.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                  - 7 -                                    22502\1355254.1

### 3. The Court Lacks Specific Personal Jurisdiction Over IVIT Because Cardica's Claims Do Not Arise Out of the Dr. Blatter's Contacts with California.

The law requires a nexus between the contacts relied upon to assert specific personal jurisdiction and the claims asserted. In other words, for the Court to have specific personal jurisdiction over IVIT, the claims alleged in the Complaint must arise out of or relate to the conduct upon which jurisdiction purports to be based. *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit uses a "but for" test to determine whether a particular claim arises out of or relates to forum-related activities. *Glencore Grain*, 284 F.3d at 1123. To satisfy the "but for" test, Cardica must show that "but for" the alleged contact with California, the claims Cardica now asserts would not have arisen. *Id.* ("We apply a 'but for' test to assess whether [plaintiff's] claims 'arise out of' [defendant's] forum conduct: [plaintiff] must show that it would not have been injured 'but for' [defendant's] contacts with California.").

Cardica's claims for patent interference and patent invalidity arise out of the issuance of the IVIT patent. Without the issuance of the IVIT patent there would be no patent upon which to base an interference and no patent to challenge for alleged invalidity. Cardica cannot satisfy the "but for" test because there is no causal connection between Dr. Blatter's contact with California and Cardica's claims for patent interference and patent invalidity. ***Where*** Dr. Blatter conceived of the invention is irrelevant to Cardica's claims. The conception of the idea for the invention was a product of his accumulated knowledge and his thought process, not his presence in California. The IVIT patent was prosecuted and issued in Virginia, not California.

The focus of the "but for" analysis is on the presence or absence of a causal connection between the alleged forum "contact" and the asserted claims. In this case the focus is, therefore, on whether there is a causal connection between Dr. Blatter's presence in California and the issuance of the patent. There is none. While the idea for the subject matter of the IVIT patent is causally related to its issuance, that the idea was conceived while Dr. Blatter was in California is not. The state in which the idea for an invention occurs to an inventor has no bearing on its patentability or the ultimate issuance of a patent. Though Dr. Blatter was in California when the idea for the subject matter of the IVIT patent came to his mind, the idea did not come to his mind

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                - 8 -                                22502\1355254.1

because he was in California. The idea for the subject matter of the IVIT patent would have occurred to Dr. Blatter even if he had not gone to California and the IVIT patent would have issued, and Cardica's claims would have arisen. Therefore, Dr. Blatter's contact with California is not a "but for" cause of Cardica's claims.[2] Hence, applying the Ninth Circuit's "but for" test, Cardica's interference claims do not "arise out of or relate to" any of IVIT's alleged contacts with California.

### B. This Court Lacks General Personal Jurisdiction Over IVIT.

#### 1. Legal Standard for General Personal Jurisdiction.

For general personal jurisdiction to exist over a nonresident such as IVIT, Cardica must show that IVIT engaged in "continuous and systematic general business contacts within California." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413 (1952)); *accord Schwarzenegger*, 374 F.3d at 801. The number and nature of these contacts must be so pervasive as to be an "approximation of physical presence." *Gator.Com. Corp v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075-77 (9th Cir. 2003). Indeed, the Ninth Circuit has "regularly [] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991); *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984), *cert. denied*, 470 U.S. 1005, 84 L. Ed. 2d 380, 105 S. Ct. 1359 (1985); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066,

---

[2] Examples of circumstances where there is "but for" causation between the contact and the claim, i.e., where the claim would not have arisen "but for" the contact with the forum, include product liability claims arising from products purchased as a result of advertising in the forum and breach of contract claims where the nonresident sought to contract within the forum. In the first situation, the advertisement does not cause the injury, but the product causing the injury would not have been purchased by the forum resident "but for" it having been advertised in the forum. In the second situation, the formation of the contact in the forum does not cause the breach, but the contract with the forum resident would not have existed "but for" the non-resident's contract negotiations in the forum contact. These situations are different from the situation here because Cardica's claims for alleged interference and patent invalidity would have arisen even if the inventor had never visited California. If Dr. Blatter had never visited California, the idea for the subject matter of the invention would have occurred to him somewhere else, the IVIT patent would have issued, and Cardica's claims would still have arisen.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                - 9 -                                    22502\1355254.1

1   85 L. Ed. 2d 500, 105 S. Ct. 2143 (1985)).  The Ninth Circuit has described this standard for
2   establishing general personal jurisdiction as "an exacting standard, as it should be, because a
3   finding of general jurisdiction permits a defendant to be haled into court in the forum state to
4   answer for any of its activities anywhere in the world."  *Schwarzenegger*, 374 F.3d at 801 (citing
5   *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general
6   jurisdiction was denied despite defendants' significant contacts with forum)).

7   The factors that the Court must consider in determining whether "continuous and
8   systematic general business contacts" exist are "whether defendant makes, sales, solicits or
9   engages in business in the state, serves the state's markets, designates an agent for service of
10  process, holds a license, or is incorporated there."  *Bancroft & Masters, Inc. v. Augusta Nat'l,
11  Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Hirsch v. Blue Cross, Blue Shield of Kansas
12  City*, 800 F.2d 1474, 1478 (9th Cir. 1986)).

### 2. IVIT Lacks the Continuous and Systematic Contacts Necessary for the Court to Assert General Personal Jurisdiction Over IVIT.

15  Cardica has not alleged "continuous and systematic general business contacts" with
16  California by IVIT sufficient to subject IVIT to general personal jurisdiction in California.
17  Cardica alleges that "[o]n information and belief, IVIT and/or one or more of its predecessors-in-
18  interest, including Duane Blatter . . . , conducts business in California."  This, even if true, cannot
19  support a finding of personal jurisdiction.  *Amba Mktg. Sys., Inc. v. Jobar Intern.*, 551 F.2d 784,
20  787 (9th Cir. 1977); *accord Schwarzenegger*, 374 F.3d at 800.

21  As set forth above, the Ninth Circuit considers the factors set forth in *Bancroft* to ascertain
22  whether a defendant has "continuous or systematic general business contacts" with California.
23  Considering the factors listed in *Bancroft*, Cardica alleges no facts to establish that IVIT has the
24  "continuous or systematic general business contacts" with California required for this Court to
25  exert general personal jurisdiction over IVIT.

26  The specific facts of this case simply do not support a finding that IVIT is subject to
27  general personal jurisdiction in California.  IVIT, Inc. is not a California corporation.  *See* Blatter
28  Decl., at p. 3, ¶ 17.  IVIT, LC was not a California limited liability company.  *Id.* at p. 2, ¶ 7.  The

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                - 10 -                22502\1355254.1

1  places of business of both IVIT, LC and IVIT, Inc. were, or are, in Utah, not California. *Id.* at

2  p. 3, ¶ 16 & ¶ 27. Neither IVIT, Inc. nor IVIT, LC ever sold a product in California, ever owned

3  property in California, ever maintained an office California, ever had an agent to receive service

4  of process in California, ever had a license to do business in California, ever directed advertising

5  to California, or ever served any California market. *Id.* at pp. 2-3, ¶¶ 9-27. Application of the

6  *Bancroft* factors clearly demonstrates that IVIT does not have the "continuous or systematic

7  general business contacts" required for this Court to exert general personal jurisdiction over IVIT.

## V.   CONCLUSION

As established above, the Court does not have specific personal jurisdiction over IVIT because Cardica has not shown that IVIT has had any contact with California. Further, Cardica has not shown that its claims "arise out of" any alleged contact with California. The Court also does not have general personal jurisdiction over IVIT because Cardica has not shown that IVIT has "continuous or systematic general business contacts" with California. Because this Court lack personal jurisdiction over IVIT, IVIT respectfully requests the Court to dismiss the Complaint.

Dated: October 1, 2007                    FARELLA BRAUN & MARTEL LLP


By: /s/
    Robert H. Sloss

    Attorneys for Defendant
    INTEGRATED VASCULAR
    INTERVENTIONAL TECHNOLOGIES, LC

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT'S MOTION TO DISMISS
Case No. C07-2687 SBA                    - 11 -                    22502\1355254.1