BRENT P. LORIMER (USB No. A3731) (to be admitted pro hac vice)
*blorimer@wnlaw.com*
THOMAS R. VUKSINICK (USB No. A3341) (to be admitted pro hac vice)
*tvuksinick@wnlaw.com*
CHAD E. NYDEGGER (USB No. 9664) (to be admitted pro hac vice)
*cnydegger@wnlaw.com*
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

ROBERT H. SLOSS
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street
San Francisco, CA 94101
Telephone: (415) 954-4400
Facsimile: (415) 954-4480 (fax)
*RSloss@fbm.com*

Attorneys for Defendant
INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARDICA, INC., a Delaware corporation,

Plaintiff,

v.

INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C., a Utah limited liability company,

Defendant.

Case No. C07-2687 SBA

**[PROPOSED] ORDER DISMISSING THE COMPLAINT OF CARDICA, INC. FOR LACK OF PERSONAL JURISDICTION**

Date: December 4, 2007
Time: 1:00 p.m.
Judge: Hon. Saundra Brown Armstrong
Dept.: Courtroom 3, Third Floor

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

[PROPOSED] ORDER / Case No. C07-2687 SBA - 1 - 17690\1317653.2

Defendant has moved the Court for an order dismissing plaintiff's complaint for lack of personal jurisdiction. Having considered the papers submitted in support of and in opposition to the motion, the authorities cited by the parties, and the argument of counsel, and for the reasons given below, defendant's motion is granted.

## I. BACKGROUND

Plaintiff, Cardica, Inc. ("Cardica"), alleges claims for patent interference under 35 U.S.C. § 291 and for patent invalidity under 35 U.S.C. §§ 112 and 135(b), asserting that the U.S. Patent and Trademark Office ("PTO") improperly issued U.S. Patent No. 7,220,268 ("the '268 patent"). The complaint names Integrated Vascular Technologies, LC ("IVIT, LC"), a limited liability company, as the assignee of the '268 patent and sole defendant. As a result of a merger, IVIT, Inc., a corporation, is in fact the owner of the '268 patent, and the proper defendant in this action. The Court resolves this motion as if IVIT, Inc. had been properly named as a defendant. For convenience, hereafter, unless circumstances indicate otherwise, references to "IVIT" include both IVIT, LC and IVIT, Inc.

Cardica's claims for patent interference of patent invalidity arise out of the issuance of the '268 patent. The '268 patent was prosecuted in Washington, D.C. and was issued by the PTO in Washington, D.C.

In paragraph 3 of Cardica's complaint it alleges that:

> On information and belief, IVIT and/or one or more of its predecessors in interests, including Duane Blatter ("Blatter"), conducts business in California, including traveling to San Francisco, California and attending a scientific meeting in San Francisco, California where Blatter purportedly invented (according to IVIT) the subject matter that is at issue in this interference action.

In February/March, 1998, Blatter attended a scientific conference in San Francisco for purposes of satisfying requirements for professional continuing education in connection with his licensure as a physician. While in California he conceived of the idea for the subject matter of the '268 patent. He did not attend the conference with the intention or purpose of conceiving the invention of the '268 patent. Dr. Blatter did not conduct any experiments, or build any prototypes or do any development work with respect to the subject matter of the '268 patent while in California. He

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

"invented" the subject matter of the '268 patent in California as alleged by Cardica, only in the sense that he conceived of the idea for the subject matter of the '268 patent while there.

At the time Dr. Blatter conceived of the idea for the '268 patent, neither IVIT, LC nor IVIT, Inc. existed.

Though Cardica alleges, on information and belief, that IVIT "conducts business" in California, IVIT has:

a. never sold any products in California or anywhere else;

b. never maintained any office in California;

c. never owned any real property in California;

d. never served any California market;

e. never had an agent for service of process in California;

f. never aimed any advertising in California;

g. never been registered or licensed to do business in California; and

h. never had a place of business in any state other than Utah.

## II. LEGAL STANDARD

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Because no applicable federal statute in this case governs personal jurisdiction, the Court must apply the law of California, the state in which this Court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01 (citing *Panavision*, 141 F.3d at 1320 (citing Cal. Civ. Proc. Code § 410.10))). In this case, federal due process requires IVIT, a nonresident defendant, to have at least "minimum contacts" with California such that this Court's exercise of personal jurisdiction over IVIT "does not offend traditional notions of fair play and substantial

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (internal quotation marks and citation omitted); *accord Schwarzenegger*, 374 F.3d at 801.

**A. Legal Standards for Specific Personal Jurisdiction**

The Ninth Circuit uses the following three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. In order to present a *prima facie* case of personal jurisdiction, the plaintiff, must satisfy the first two prongs of the test. *Id.* If the plaintiff is able to make a *prima facie* showing of specific personal jurisdiction by showing the requisite "minimum contacts" and that its claims arise out of those contacts, then the defendant has the burden of showing that the exercise of specific personal jurisdiction would be unfair, unjust, or unreasonable.

Specific personal jurisdiction over a defendant must be based on the defendant's contact with California. *See*, *Glencore Grant v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1123 (9th Cir. 2002) ("By requiring that contact proximately result from actions by the defendant *himself* that create a substantial connection with the forum State, the Constitution ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contracts.") (emphasis in original; internal quotations omitted). Fortuitous, random or attenuated contacts are insufficient to s support specific or general personal jurisdiction. *Terracom v. Valley Na. Bank,* 49 F.3d 555, 560 (9th Cir. 1995.)

The law requires a nexus between the contacts relied upon to assert specific personal jurisdiction and the claims asserted. In other words, for the Court to have specific personal jurisdiction over defendant, the claims alleged in the Complaint must arise out of or relate to the conduct upon which jurisdiction purports to be based. *Schwarzenegger*, 374 F.3d at 802. The

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

Ninth Circuit uses a "but for" test to determine whether a particular claim arises out of or relates to forum-related activities. *Glencore Grain*, 284 F.3d at 1123. To satisfy the "but for" test, the plaintiff must show that "but for" the alleged contact with California, the plaintiff's claims would not have arisen. *Id*. ("We apply a 'but for' test to assess whether plaintiff's claims 'arise out of' [defendant's] forum conduct: [Plaintiff] must show that it would not have been injured 'but for' [defendant's] contacts with California.").

## III. ANALYSIS

### A. Cardica Cannot Establish Specific Personal Jurisdiction over IVIT.

#### 1. Blatter's Contact With California Is Insufficient To Establish Personal Jurisdiction Over IVIT Because The Contact Is Not That Of IVIT.

The sole basis upon which Cardica relies for the assertion of specific personal jurisdiction is Blatter's contact with California. Cardica alleges that Blatter conceived of the idea for the subject matter of the '268 patent while attending a scientific conference in California. Blatter's contact with California cannot, however, be imputed to IVIT because Blatter was attending the scientific conference in his personal capacity, and more importantly, because neither IVIT, LC or IVIT, Inc. existed at the time of the conference. Blatter's contacts are insufficient to subject IVIT to personal jurisdiction in California.

#### 2. Even If Blatter's Contact With California Could Be Imputed To IVIT, That Contact Is Insufficient To Support Specific Personal Jurisdiction Because It Was Fortuitous Rather Than Purposeful.

The first prong of the specific personal jurisdiction analysis requires that the non-resident defendant have "purposefully directed," its activities at California or that it has "purposefully availed" itself of the privilege of conducting activities within California, thereby invoking the benefits of its laws. *Schwarzenegger,* 374 F.3d at 801. Blatter did not purposefully direct any activity into California or "purposefully avail" himself of the privilege of conducting business activities in California or the benefits of its laws by thinking about the subject matter of the '268 patent while in California. His thoughts were directly inwardly, and not purposefully at California or any resident of California. In addition, Blatter's thoughts were not made under the auspices of any California law.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

[PROPOSED] ORDER / Case No. C07-2687 SBA - 5 - 17690\1317653.2

That Dr. Blatter was in California when the idea of the subject matter of the '268 patent occurred to him is strictly a matter of happenstance. Such fortuitous, random or attenuated contact with California are not sufficient to support specific or general personal jurisdiction. *See*, *Terracom,* 49 F.3d 555, 560.

**3. The Court Lacks Specific Personal Jurisdiction Over IVIT Because Cardica's Claims Do Not Arise Out Of Blatter's Contacts With California.**

Cardica's claims for patent interference or patent invalidity arise out of the issuance of the '268 patent, not Blatter's contact with California, *i.e.*, attendance at a scientific conference. Cardica's claim does not arise out of Blatter's contact because there is no causal connection between Blatter's contact with California and Cardica's claims for patent interference and patent invalidity. The conception of the idea for the invention was a product of Blatter's accumulated knowledge and his thought process, not his presence in California. Though Dr. Blatter was in California when the idea for the subject matter of the '268 patent came to his mind, the idea did not come to his mind because he was in California. The idea would have come to Blatter even if he had not been in California. Applying the Ninth Circuit's "but for" test, Cardica's interference and invalidity claims do not "arise out or relate to" any of IVIT's alleged contacts with California.

**B. The Court Lacks General Personal Jurisdiction over IVIT.**

**1. IVIT Lacks The Continuous And Systematic Contacts Necessary For The Court To Assert Personal Jurisdiction Over IVIT.**

Cardica has not alleged any "continuous and systematic" business contacts with California by IVIT. Cardica's allegation on information and belief that IVIT "conducts business in California" is not enough in view of the facts established by declaration. These facts show that:

a. IVIT, Inc. is not a California corporation;

b. IVIT, LC is not a California limited company;

c. The places of business of both IVIT, LC and IVIT, Inc. were, or are in Utah, not California;

d. Neither IVIT, LC nor IVIT, Inc. ever sold a product in California, ever owned property in California, ever maintained an office in California, ever had an agent to receive

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

service of process in California, ever had a license to do business in California, ever directed advertising to California, or ever served in any California market.

IVIT has clearly demonstrated that it does not have any "continuous or systematic general business contacts" required for this Court to assert general personal jurisdiction over IVIT.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that it does not have either specific or personal jurisdiction over IVIT, LC or IVIT, Inc. Therefore,

IT IS ORDERED that IVIT's motion to dismiss Cardica's complaint is granted.

DATED this ______ day of October, 2007.

BY THE COURT:

______________________________
SAUNDRA BROWN ARMSTRONG
United States District Judge

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

[PROPOSED] ORDER / Case No. C07-2687 SBA - 7 - 17690\1317653.2