SIDLEY AUSTIN LLP
JEFFREY M. OLSON (SBN 104074)
*jolson@sidley.com*
PAUL H. MEIER (SBN 115999)
*pmeier@sidley.com*
SAMUEL N. TIU (SBN 216291)
*stiu@sidley.com*
555 W. Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000 phone
(213) 896-6600 fax

Attorneys for Plaintiff
CARDICA, INC.

WORKMAN NYDEGGER
BRENT P. LORIMER (admitted pro hac vice, *blorimer*@wnlaw.com
THOMAS R. VUKSINICK (admitted pro hac vice, *tvuksinick@wnlaw.com*)
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
(801) 533-9800 phone
(801) 328-1707 fax

FARELLA BRAUN & MARTEL LLP
Robert H. Sloss
*rsloss@fbm.com*
235 Montgomery Street
San Francisco, California 94101
(415) 954-4400
(415) 954-4480 (fax)

Attorneys for Defendant
INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDICA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C., a Utah limited liability company,<br><br>        Defendant. | Case No. 07-cv-02687-SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   January 22, 2008<br>Time:  3:00 p.m.<br>Judge: Hon. Saundra Brown Armstrong<br>Dept:  Courtroom 3, Third Floor |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT – CASE NO. 07-CV-02687-SBA**

The statements below are believed to be true based on presently available information known to each party, but are not intended to be construed as admissions of any fact by either party.

**1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction Over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

*Cardica's position*: At this time, based on the information currently available to it, Cardica has completed service on all parties it anticipates serving, believes this Court has personal and subject matter jurisdiction over IVIT and this action, and believes this action is in the proper venue. Based on the below statements by IVIT, Cardica contends that IVIT is confusing the question of subject matter jurisdiction, which Cardica has more than adequately alleged under the Patent Laws of the United States (35 U.S.C. § 1 *et seq.*), with the merits of Cardica's interference claim under 29 U.S.C. § 291.

*IVIT's position*: The Court lacks personal jurisdiction over IVIT for the reasons stated in IVIT's pending Motion to Dismiss for Lack of Personal Jurisdiction  The Court also lacks subject matter jurisdiction over Cardica's claims because Cardica has not alleged, and cannot prove, the existence of an interference-in-fact as between the claims of Cardica's patents and the claims of IVIT's patent. An interference-in-fact must exist before the Court can exercise subject matter personal jurisdiction over any of Cardica's claims. *Medichem, S.A. v. Rolebo, S.B.*, 353 F.3d 928, 934, 935-936 (Fed. Cir. 2003).

**2.  Facts: A brief chronology of the facts and statement of the principal factual issues in dispute.**

*Cardica's position:* Cardica owns U.S. Patent No. 6,391,038 (the "'038 Patent") and No. 7,063,712 (the "'712 patent"). IVIT is the named assignee of U.S. Patent No. 7,220,268 (the "'268 patent"). These patents relate to anastomosis methods and/or devices. The parties principally dispute who first invented the subject matter claimed in these patents, and/or whether IVIT's '268 patent is invalid in view of Cardica's earlier issued patents.

Cardica's '038 patent was issued on May 21, 2002, and its '712 patent issued was issued on June 20, 2006. Cardica's '038 patent and a patent application owned by IVIT, U.S. Patent Application Serial No. 10/243,543 (the "'543 Application"), were the subject of a patent interference proceeding, captioned *Vargas et al. v. Blatter*, Patent Interference No. 105,426, before the Board of Patent Appeals and Interferences of the USPTO. On February 13, 2007, the Board of Patent Appeals and Interferences entered judgment against IVIT in the referenced USPTO interference action and awarded priority to Cardica.

IVIT's '268 patent issued on May 22, 2007 and claims to be a continuation of the '543 Application. Cardica filed this action on the same day that the '268 patent issued.

*IVIT's position:* IVIT, a corporation, is the owner of U.S. Patent No. 7,220,268 ("the '268 patent"). IVIT develops medical devices and methods for using medical devices at its only place of business located in Utah. IVIT does not sell and has never sold any products in California or anywhere else. IVIT contends that this Court lacks personal jurisdiction over it, and has filed a motion to dismiss on that ground. IVIT contends that its '268 patent does not include any claims that contain any interfering subject matter in view of any of the claims of Cardica's '038 and '712 patents and that Cardica's complaint does not allege to the contrary because its interference allegations are equivocal. Cardica alleges only that the '268 patent contains "actual or potentially interfering" subject matter. The existence of "potentially interfering" subject matter is not enough to establish the interference-in-fact required for subject matter jurisdiction. In the absence of an unequivocal allegation that Cardica contends that there is "actual interfering subject matter," IVIT contends that Cardica has failed to allege the existence of interference-in-fact, and therefore, that it has failed to allege sufficient facts to support subject matter jurisdiction.

**3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

Cardica asserts a claim for patent interference under 28 U.S.C. § 291. Cardica also contends that the '268 patent is invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including in violation of Sections 102, 112 and 135(b) thereof.

IVIT contends that the Court lacks personal jurisdiction over it and lacks subject matter jurisdiction over Cardica's claims. IVIT also contends that no interference-in-fact exists, and in the absence of an interference-in-fact, the Court lacks subject matter jurisdiction over Cardica's claims, whether for patent interference under 28 U.S.C. § 291 or invalidity of the '268 patent under the U.S. Patent laws, Title 35 United States Code. The '268 patent was issued by the United States Patent Office and is presumed to be valid.

**4.     Motions:   All prior and pending motions, their current status, and any anticipated motions.**

IVIT has a pending motion to dismiss for lack of personal jurisdiction. In the event that IVIT's motion is denied, IVIT anticipates filing a motion to dismiss for lack of subject matter jurisdiction. Both parties anticipate filing motions for summary judgment at the conclusion of discovery. Cardica may request a *Markman* hearing on claim construction prior to summary judgment.

**5.     Amendment of Pleadings:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

*Cardica's position*: Based on presently available information, Cardica does not anticipate adding parties or claims at this time. If there is a misnomer as to the properly named defendant in this action, Cardica will add an additional party or substitute in the correct party. Because IVIT has not answered the complaint, Cardica does not know whether IVIT will assert counterclaims and thus what defenses, if any, Cardica may assert in this action. Cardica proposes March 28, 2008 as the deadline for amendment of the pleadings.

*IVIT's position*: IVIT anticipates amendment of the complaint to correct a misnomer with respect to the named defendant. The owner of the '268 patent and the proper defendant is IVIT, Inc. IVIT has yet to answer the complaint as its motion to dismiss for lack of personal jurisdiction is still pending. IVIT proposes that the deadline for amendment of the pleadings be 90 days after the Court has determined it has subject matter jurisdiction, if it makes that determination.

   **6.     Evidence Preservation:  Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.**

   Both parties have taken steps to preserve evidence.  The parties, however, have agreed that draft expert reports and expert notes prepared for purposes of this litigation do not need to be preserved or produced.  The parties also agree that written communications between counsel and experts retained for this action or the parties and experts retained for this action regarding the subject matter of this litigation do not need to be preserved or produced.  The parties have agreed that inadvertent or mistaken production of privileged documents will not serve as a waiver of privilege.

   **7.     Disclosures:  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

   Pursuant to Rule 26(a)(1), the parties have stipulated to postpone the exchange of initial disclosures until after IVIT's motion to dismiss for lack of personal jurisdiction is resolved.  IVIT's position is that initial disclosures should be limited to the issue of whether there is an interference-in-fact, as existence of an interference-in-fact is a threshold jurisdictional question.  Cardica disagrees with IVIT's position.

   **8.     Discovery:  Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(a).**

   The parties have agreed to conduct limited discovery on the question of personal jurisdiction.  If the issue of personal jurisdiction is resolved in favor of jurisdiction, the parties have agreed to meet and confer regarding a discovery plan for the remaining issues in the case and propose to submit a revised Case Management Statement within 14 days after service of any order denying the motion to dismiss for lack of personal jurisdiction.  The parties propose that a Case Management Conference be set for a mutually convenient time thereafter.

   **9.     Class Actions:  If a class action, a proposal for how and when the class will be certified.**

   Not applicable.

**10.     Related Cases:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

Not applicable.

**11.     Relief:  All relief sought through complaint or counterclaims, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.**

Cardica seeks: (a) a ruling that IVIT is estopped from claiming under the '268 patent any subject matter that was or should have been the subject of the interference action before the Board of Patent Appeals; (b) a declaration that any and all claims in IVIT's '268 patent that interfere with the subject matter of Cardica's '038 or '712 patents be declared invalid; (c) a declaration that IVIT's '268 patent is invalid, including under 35 U.S.C. § 112 or 35 U.S.C. § 135(b); and (d) reasonable costs and attorneys' fees.

IVIT has not filed an answer or counterclaim at this time.

**12.     Settlement and ADR:  Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

The parties attempted to reach a negotiated resolution prior to service of the complaint, but were unsuccessful.  The parties have agreed to revisit the topic of ADR after IVIT's pending motion to dismiss for lack of personal jurisdiction is resolved.

**13.     Consent to Magistrate Judge For All Purposes:  Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.**

The parties do not consent to have this case assigned to a magistrate judge for all purposes.

**14.     Other References:  Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

The parties do not believe this case is suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation. The parties also presently do not believe that this case is suitable for reference to a special master.

**15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (*e.g*., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.**

*Cardica's position*: The parties have agreed to bifurcate discovery to resolve the question of personal jurisdiction. Trifurcation of discovery, as IVIT proposes, however, would be impractical and inefficient. The merits of Cardica's interference claim and the question of subject matter jurisdiction are inherently intertwined. Trifurcation would unnecessarily delay resolution of this matter and result in wasteful duplication of effort.

*IVIT's position*: This case raises significant issues with respect to both personal and subject matter jurisdiction that should be decided before the case proceeds to discovery or trial of issues relating to the merits of Cardica's claims. The parties have agreed to address the question of personal jurisdiction before proceeding to other issues. IVIT's motion to dismiss for lack of personal jurisdiction is presently pending. If the Court should find that it has personal jurisdiction over IVIT, it should next decide the threshold question of subject matter jurisdiction, namely, whether there is an interference-in-fact. This should occur before proceeding with discovery, motions and trial on the merits. IVIT contends that there is no interference-in-fact, and hence no subject matter jurisdiction. Cardica has declined to commit to whether it contends there is an interference-in-fact. Deferring discovery, motions and trial on the merits until after resolution if the jurisdictional question of interference-in-fact is the only way to ensure that the time, effort and resources of the parties and the Court will not be wasted on unnecessary pretrial and trial practice. Obviously, if the Court determines that it lacks subject matter jurisdiction, all time, effort and resources devoted to discovery motions or trial on the merits, whether by the parties or the Court, will have been completely wasted.

1    **16.    Expedited Schedule:  Whether this is the type of case that can be handled on an**
2    **expedited basis with streamlined procedures.**

3    The parties do not believe this case is appropriate for an expedited schedule.

4    **17.    Scheduling:  Proposed dates for designation of experts, discovery cutoff, hearing**
5    **of dispositive motions, pretrial conference and trial.**

6    The parties have agreed to meet and confer further regarding specific discovery and motion
7    deadlines once the Court resolves IVIT's pending motion to dismiss for lack of personal jurisdiction.
8    If the case is not dismissed for lack of personal jurisdiction, the parties propose to file a revised Case
9    Management Statement followed by an additional Case Management Conference.  The parties have
10   agreed that deadlines will be set to permit trial within approximately twenty months of when the
11   Court resolves the question of personal jurisdiction.

12   **18.    Trial:  Whether the case will be tried to a jury or to the court and the expected**
13   **length of the trial.**

14   Cardica has requested a jury trial.  IVIT does not believe Cardica is entitled to a jury.
15   Though difficult to predict at this early stage of the proceedings, the parties presently anticipate trial
16   would take between five and ten days.

17   **19.    Disclosure of Non-Party Interested Entities or Persons:  Whether each party has**
18   **filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In**
19   **addition, each party must restate in the case management statement the contents of its**
20   **certification by identifying any persons, firms, partnerships, corporations (including parent**
21   **corporation) or other entities known by the party to have either:  (i) a financial interest in the**
22   **subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest**
23   **that could be substantially affected by the outcome of the proceeding.**

24   *Cardica's certification*:    (a) Cardica, Inc.; (b) Duane Blatter; (c) Integrated Vascular
25   Interventional Technologies, L.C.; (d) Integrated Vascular Interventional Technologies, Inc.; (e)
26   Guidant Investment Corp., affiliated with Boston Scientific Corporation, One Boston Scientific
27   Place, Natick, MA 01760, which owns 10% or more of Cardica, Inc.'s common stock.  Cardica, Inc.
28   does not have any parent corporations.

*IVIT's certification*:  (a) IVIT, Inc.; (b) Duane Blatter; (c) Richard Linder; (d) David Berger; (e) Cardica, Inc.

**20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The parties do not have further proposals at this time to facilitate resolution of this matter.

SIDLEY AUSTIN LLP

Dated:  October 23, 2007            By:    /s/ Jeffrey M. Olson
                                               Jeffrey M. Olson
                                               Attorneys for Plaintiff
                                               CARDICA, INC.

WORKMAN NYDEGGER
FARELLA BRAUN & MARTEL LLP

Dated:  October 23, 2007            By:    /s/ Brent P. Lorimer
                                               Brent P. Lorimer
                                               Attorneys for Defendant
                                               INTEGRATED VASCULAR INTERVENTIONAL
                                               TECHNOLOGIES, L.C.

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2007, I caused a true and correct copy of the foregoing **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** to be served by PDF and first class mail delivery to:

Brent P. Lorimer (blorimer@wnlaw.com)
Thomas R. Vuksinick, Esq. (tvuksinick@wnlaw.com)
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Executed on October 23, 2007, in Los Angeles, California 90013. I declare under penalty of perjury that the foregoing is true and correct.

    /s/ Nancy L. Gregg
Nancy L. Gregg

LA1 1080866v.1