1
2
3
4
5
6
7
8

**SIDLEY AUSTIN LLP**
**JEFFREY M. OLSON (SBN 104074)**
*jolson@sidley.com*
**PAUL H. MEIER (SBN 115999)**
*pmeier@sidley.com*
**SAMUEL TIU (SBN 216291)**
*stiu@sidley.com*
**555 W. Fifth Street, Suite 4000**
**Los Angeles, California 90013**
**(213) 896-6000 phone**
**(213) 896-6600 fax**

**Attorneys for Plaintiff**
**CARDICA, INC.**

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

OAKLAND DIVISION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| CARDICA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C., a Utah limited liability company,<br><br>Defendant, | Case No. 07-CV-02687 (SBA)<br><br>Assigned to: Hon. Saundra Brown Armstrong<br><br>**DECLARATION OF SAMUEL N. TIU IN SUPPORT OF PLAINTIFF CARDICA, INC.'S OPPOSITION TO DEFENDANT IVIT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>*[Complete copy concurrently filed under seal]*<br><br>Date:     February 12, 2008<br>Time:     1:00 p.m.<br>Dep't:    Courtroom 3, Third Floor |

**DECLARATION OF SAMUEL N. TIU IN SUPPORT OF PLAINTIFF CARDICA, INC.'S OPPOSITION**
**CASE NO. 07-CV-02687 (SBA)**

1    I, Samuel N. Tiu, hereby declare and state as follows:

2        1.    I am an associate in the Los Angeles office of Sidley Austin LLP, counsel for

3    Plaintiff Cardica, Inc. ("Cardica"). Unless otherwise stated, I have personal knowledge of the facts

4    set forth in this declaration, and if called upon as a witness, I could and would testify truthfully to

5    them.

6        2.    Attached as Exhibits A and B are true and correct copies of priority

7    statements, including attachments, dated June 20, 2006 and June 22, 2006 respectively, that were

8    filed by Dr. Duane Blatter in the interference proceeding captioned *Vargas v. Blatter*, Patent

9    Interference No. 105,426 (SCM) before the Board of Patent Appeals and Interference of the United

10   States Patent and Trademark Office. The *Vargas* v. *Blatter* interference proceeding involved IVIT's

11   U.S. Patent Application Serial No. 10/243,543 ("the '543 Application") and Cardica's U.S. Patent

12   No. 6,391,038. *See* Compl. ¶ 14.

13       3.    Attached as Exhibit C are true and correct copies of excerpts from the

14   deposition of Dr. Duane Blatter taken in this action pursuant to the parties' stipulation on the limited

15   question of personal jurisdiction.

16       4.    Attached as Exhibits D (IVIT000036), E (IVIT000037), and F (IVIT000032)

17   are true and correct copies of documents produced by IVIT in this action, which reflect examples of

18   written communications between IVIT and Edwards Lifesciences LLC ("Edwards") in California.

19   These documents list Edwards as having an address in California and contain phone numbers for

20   Edwards employees with area codes in California.

21       5.    Attached as Exhibits G (IVIT000033-35) is a true and correct copy a

22   document produced by IVIT in this action constituting a letter from Dr. Blatter, as "Manager" of

23   "IVIT, L.C.," to an Edwards employee in California with attached executed copies of confidentiality

24   agreements dated March 1, 2001 and November 10, 2000. Both confidentiality agreements contain

25   California choice-of-law clauses.

26       6.    Attached as Exhibit H (IVIT000041-80) is a true and correct copy of a

27   document produced by IVIT in this action, which according to the deposition of Dr. Blatter,

28   constitutes a presentation IVIT provided to Edwards. *See supra* Exhibit C at 16:24-17:5.

1

1        7.    Attached as Exhibit I (IVIT000081-82, 85-87) are true and correct copies of

2    documents produced by IVIT in this action, which reflect examples of communications between

3    IVIT and Guidant Corporation's ("Guidant") Cardiac and Vascular Surgery Group based in Menlo

4    Park, California.

5        8.    Attached as Exhibit J (IVIT000089-163) is a true and correct copy of a

6    document produced by IVIT in this action, which according to the deposition of Dr. Blatter,

7    constitutes a presentation IVIT provided to Guidant Corporation's Cardiac and Vascular Surgery

8    Group based in Menlo Park, California. *See supra* Exhibit C at 20:4-6, 21:17-22:20.

9        9.    Attached as Exhibit K (IVIT000028-30) is a true and correct copy of a

10   document produced by IVIT in this action, which lists "Investor Contacts" kept by IVIT.

11       10.    Attached as Exhibit L (IVIT000014-15) is a true and correct copy of a

12   document produced by IVIT in this action constituting a four-year consulting agreement entered into

13   by IVIT and Li-Chen Hsu, a California resident, in July 2002.

14       11.    Attached as Exhibit M (IVIT000005-6) is a true and correct copy of a

15   document produced by IVIT in this action constituting a three-year consulting agreement entered

16   into by IVIT and Dr. Mark Miller and which requires that notices for Dr. Miller be sent to a

17   California residence.

18       12.    Attached as Exhibit N (IVIT000026-27) is a true and correct copy of a

19   document produced by IVIT in this action constituting a two-year consulting agreement between

20   IVIT and Biotegra, Inc.  According to the agreement, Biotegra, Inc. is "a California corporation with

21   its principal office" in California.

22       13.    Attached as Exhibit O is a true and correct copy of a print-out from the

23   California Secretary of State's website, showing that Biotegra, Inc. was incorporated in California.

24       14.    Attached as Exhibit P (IVIT000167) is a true and correct copy of a document

25   produced by IVIT in this action constituting a travel expense report for an IVIT employee that lists,

26   among other things, a meeting at Biotegra, Inc.'s offices in California in February 2007.

27       15.    Attached as Exhibit Q is a true and correct copy of an "Amendment And

28   Response To Second Office Action And Suggestion By Applicant For Interference Pursuant To 37

1   DFR § 41.202," dated April 7, 2005, filed by IVIT during the prosecution of IVIT's U.S. Patent

2   Application Serial No. 10/243,543 ("the '543 application"). In this filing, IVIT requested that the

3   United States Patent and Trademark Office declare an interference between the '543 application and

4   Cardica's United States Patent No. 6,391,038 ("the '038 patent).

5           16.    Attached as Exhibit R is a true and correct copy of a notice from an

6   Administrative Patent Judge declaring a patent interference between IVIT's '543 Application and

7   Cardica's '038 patent.

8           17.    Attached as Exhibit S is a true and correct copy of a "Preliminary Amendment

9   and Request for Interference Declaration" filed by IVIT during the prosecution of IVIT's U.S. Patent

10  No. 7,220,268 that issued from U.S. Patent Application No. 10/706,245.

11          18.    I declare under penalty of perjury that to the best of my knowledge,

12  information and belief, the foregoing statements are true and correct.

13          Executed this 31st day of December, 2007 in Los Angeles, California.

14

15

16          Samuel N. Tiu

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SAMUEL N. TIU IN SUPPORT OF PLAINTIFF CARDICA, INC.'S OPPOSITION
CASE NO. 07-CV-02687 (SBA)

LA1 1113315v.1

# Exhibit A

Paper No. \_\_\_\_

Filed on behalf of: Senior Party BLATTER
By:    R. Danny Huntington, Esq.
       Malcolm K. McGowan, Ph.D., Esq.
       BINGHAM MCCUTCHEN LLP
       2020 K Street, NW
       Washington, DC 20006-1806
       Main Telephone: (202) 373-6000
       Main Facsimile: (202) 373-6001

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

JAIME **VARGAS**, MICHAEL HENDRICKSEN,
STEPHEN YENCHO, JAMEY NIELSEN,
BERNARD A. HAUSEN AND BRENDAN DONOHOE
Junior Party
(Patent 6,391,038),

v.

DUANE D. **BLATTER**
Senior Party
(Application Patent 10/243,543).

Patent Interference No. 105,426 (SCM)
(Technology Center 3700)

**BLATTER PRIORITY STATEMENT**

1    Your Honor:

2          Pursuant to Bd. R. 204(a)(1), Senior Party Blatter hereby sets forth all bases on which

3    Blatter intends to establish its entitlement to judgment on priority.

4    ***Date and Location of Blatter's Earliest Corroborated Conception***

5          Pursuant to Bd. R. 204(a)(2)(i), Blatter intends to prove a date of earliest corroborated

6    conception of on or about March 2, 1998, in San Francisco, California by Duane D. Blatter.

7    ***Date and Location of Earliest Corroborated Actual Reduction to Practice***

8          Pursuant to Bd. R. 204(a)(2)(ii), Blatter intends to prove a date of earliest corroborated

9    actual reduction practice of on or about July 1, 1998, in San Francisco, California.

10    ***Earliest Corroborated Date on Which Diligence Began***

11          Pursuant to Bd. R. 204(a)(2)(iii), Blatter intends to prove diligence beginning on or about

12    March 2, 1998.

13    ***A Copy of the Earliest Available Document Relied Upon to Show Conception***

14          Pursuant to Bd. R. 204(a)(2)(iv), Blatter hereby provides, as an attachment to this Priority

15    Statement, a copy of the earliest available document upon which Blatter intends to rely to show

16    conception. The attached document is a copy of a program from the SCVIR 23rd Annual

17    Scientific Meeting held February 28 - March 5, 1998.

18                                        Respectfully submitted,

19                                        By: /Malcolm K. McGowan, Ph.D./
20    BINGHAM MCCUTCHEN LLP              R. Danny Huntington, Esq.
21    2020 K Street, NW                  Malcolm K. McGowan, Ph.D., Esq.
22    Washington, D.C. 20006-1806        Counsel for Senior Party BLATTER
23    Main Telephone: (202) 373-6000
24

25    Date: June 20, 2006

                                        1



P R O G R A M

SCVIR 98

SAN FRANCISCO,
CALIFORNIA
February 28 -
March 5, 1998

# SCVIR 23RD ANNUAL SCIENTIFIC MEETING
## SCHEDULE AT-A-GLANCE

| Time | Saturday 2/28/98 | Sunday 3/1/98 | Monday 3/2/98 | Tuesday 3/3/98 | Wednesday 3/4/98 | Thursday 3/5/98 |
|---|---|---|---|---|---|---|
| 7:00 am | | 7:00-3:00 ACLS Course | | | | |
| 8:00 am | 8:00-5:00 ACLS Course | 8:00-9:30 Scientific Sessions / 8:00-9:30 Workshops | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions |
| 9:30 am | | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break |
| 10:15 am | | 10:15-12:00 PLENARY SESSION | 10:15-12:00 PLENARY SESSION; 11:25 Dotter Lecture: Creativity and Disease—A Radiologic Odyssey | 10:15-12:00 PLENARY SESSION; 10:15-10:45 Gold Medal and Becker Awards | 10:15-12:00 PLENARY SESSION | 10:15-12:00 PLENARY SESSION |
| 12:00 noon | 12:00-3:00 Stent Grafts: Managed Care in 1998: Is Your Interventional Service Prepared for the Market? | 12:00-1:00 Lunch/Exhibit Hall Opens; Poster Hall Opens | 12:00-1:00 Lunch | 12:00-12:30 Break | 12:00-1:00 Lunch | 12:00-1:00 Lunch |
| 12:30 pm | | | | 12:30-2:00 Members' Business Meeting and Lunch | | |
| 1:00 pm | | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops | 1:00-2:30 Scientific Sessions / 1:00-2:30 Featured Abstracts With Commentary | | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops |
| 2:00 pm | | | | 2:00-3:00 Coffee Break | | |
| 2:30 pm | | 2:30-3:30 Coffee Break | 2:30-3:30 Coffee Break | | 2:30-3:30 Coffee Break | 2:30-3:30 Coffee Break |
| 3:00 pm | | | | 3:00-5:00 Categorical Courses 305,306 / 3:00-4:30 Workshops / 3:00-4:30 Scientific Sessions | | |
| 3:30 pm | | 3:30-5:00 Categorical Courses 101, 102, 103 / 3:30-5:00 Workshop | 3:30-5:30 Categorical Courses 201, 202, 204 / 3:30-5:00 Workshops | | 3:30-5:00 Categorical Courses 405, 406 / 3:30-5:00 Workshop | 3:30-5:00 Workshop |
| 5:30 pm | | | | | 5:30-7:00 Volunteers' Reception | |
| 6:00 pm | | 6:00-8:00 Opening Reception | 6:00-7:00 Past Presidents' Reception | | | |
| 6:30 pm | | | | 6:30-8:30 CIRREF Reception | | |
| 7:00 pm | | | 7:00-10:00 Fellows' Reception and Dinner | | | MEETING ADJOURNS |

**EXHIBIT HALL HOURS:**

| | |
|---|---|
| Sunday, March 1 | 12:00-4:00 pm |
| Monday, March 2 | 9:30 am-4:00 pm |
| Tuesday, March 3 | 9:30 am-4:00 pm |
| Wednesday, March 4 | 9:30 am-4:00 pm |

**REGISTRATION/TICKET EXCHANGE/ PROGRAM DISTRIBUTION HOURS:**

| | |
|---|---|
| Saturday, February 28 | 7:00 am-5:00 pm |
| Sunday, March 1 | 7:00 am-5:00 pm |
| Monday, March 2 | 7:00 am-5:00 pm |
| Tuesday, March 3 | 7:00 am-5:00 pm |
| Wednesday, March 4 | 7:00 am-5:00 pm |
| Thursday, March 5 | 7:00 am-12:00 Noon |

**SPEAKER READY ROOM/PROGRAM OFFICE:**

| | |
|---|---|
| Saturday, February 28 | 11:00 am-6:00 pm |
| Sunday, March 1 | 7:00 am-5:30 pm |
| Monday, March 2 | 7:00 am-5:30 pm |
| Tuesday, March 3 | 7:00 am-5:30 pm |
| Wednesday, March 4 | 7:00 am-5:30 pm |
| Thursday, March 5 | 7:00 am-3:30 pm |



## EDUCATIONAL PRODUCTS & LITERATURE

*Certification programs*
Cordis Endovascular ......................... 517
Health Management Publications .............. 128
Spectranetics ................................ 843

*Educational materials*
Boston Scientific Corp./MEDI-TECH. ........... 501
Cordis Endovascular ......................... 517
Dorling Kindersley Family Learning ........... 126
Mallinckrodt Inc. ........................... 325

*Publications*
Health Management Publications .............. 128
Mosby/Williams & Wilkins .................... 933

*Self-teaching aids*
Health Management Publications .............. 128

*Slides*
Boston Scientific Corp./MEDI-TECH. ........... 501
Cordis Endovascular ......................... 517



Endovascular cristed Ancestomosis
- Dx & Rx in cone setting
- realtime angio mapping for placm.
- Intravascular av.l for
  supporting renal wind Burt
  Slope or other attachment / content

of blood vessel (bleeding) contrl

94

# Exhibit B

Paper No. _____

Filed on behalf of: Senior Party BLATTER
By:    R. Danny Huntington, Esq.
       Malcolm K. McGowan, Ph.D., Esq.
       BINGHAM MCCUTCHEN LLP
       2020 K Street, NW
       Washington, DC 20006-1806
       Main Telephone:  (202) 373-6000
       Main Facsimile:  (202) 373-6001

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

JAIME **VARGAS**, MICHAEL HENDRICKSEN,
STEPHEN YENCHO, JAMEY NIELSEN,
BERNARD A. HAUSEN AND BRENDAN DONOHOE
Junior Party
(Patent 6,391,038),

v.

DUANE D. **BLATTER**
Senior Party
(Application Patent 10/243,543).

Patent Interference No. 105,426 (SCM)
(Technology Center 3700)

**BLATTER CORRECTED PRIORITY STATEMENT**

1    Your Honor:

2        Pursuant to Bd. R. 204(a)(1), Senior Party Blatter hereby sets forth all bases on which

3    Blatter intends to establish its entitlement to judgment on priority.

4    *Date and Location of Blatter's Earliest Corroborated Conception*

5        Pursuant to Bd. R. 204(a)(2)(i), Blatter intends to prove a date of earliest corroborated

6    conception of on or about March 2, 1998, in San Francisco, California by Duane D. Blatter.

7    *Date and Location of Earliest Corroborated Actual Reduction to Practice*

8        Pursuant to Bd. R. 204(a)(2)(ii), Blatter intends to prove a date of earliest corroborated

9    actual reduction practice of on or about July 1, 1998, in Salt Lake City, Utah.

10    *Earliest Corroborated Date on Which Diligence Began*

11        Pursuant to Bd. R. 204(a)(2)(iii), Blatter intends to prove diligence beginning on or about

12    March 2, 1998.

13    *A Copy of the Earliest Available Document Relied Upon to Show Conception*

14        Pursuant to Bd. R. 204(a)(2)(iv), Blatter hereby provides, as an attachment to this Priority

15    Statement, a copy of the earliest available document upon which Blatter intends to rely to show

16    conception. The attached document is a copy of a program from the SCVIR 23rd Annual

17    Scientific Meeting held February 28 - March 5, 1998.

18        This Priority Statement is being filed to correct the location of the reduction to practice.

19                                    Respectfully submitted,

20                                    By: /Malcolm K. McGowan, Ph.D./
21    BINGHAM MCCUTCHEN LLP              R. Danny Huntington, Esq.
22    2020 K Street, NW                  Malcolm K. McGowan, Ph.D., Esq.
23    Washington, D.C. 20006-1806        Counsel for Senior Party BLATTER
24    Main Telephone: (202) 373-6000
25    Date: June 22, 2006

1



P R O G R A M

SCVIR 98

SAN FRANCISCO,
CALIFORNIA
February 28 -
March 5, 1998

# SCVIR 23RD ANNUAL SCIENTIFIC MEETING
## SCHEDULE AT-A-GLANCE

| | Saturday 2/28/98 | Sunday 3/1/98 | Monday 3/2/98 | Tuesday 3/3/98 | Wednesday 3/4/98 | Thursday 3/5/98 |
|---|---|---|---|---|---|---|
| 7:00 am | | 7:00-3:00 ACLS Course | | | | |
| 8:00 am | 8:00-5:00 ACLS Course | 8:00-8:30 Scientific Sessions / 8:00-8:30 Workshops | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions | 8:00-9:30 PLENARY SESSION / 8:00-9:30 Scientific Sessions |
| 9:30 am | | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break | 9:30-10:15 Coffee Break |
| 10:15 am | | 10:15-12:00 PLENARY SESSION | 10:15-12:00 PLENARY SESSION 11:25 Dotter Lecture: Creativity and Disease—A Radiologic Odyssey | 10:15-12:00 PLENARY SESSION 10:15-10:45 Gold Medal and Becker Awards | 10:15-12:00 PLENARY SESSION | 10:15-12:00 PLENARY SESSION |
| 12:00 noon | 12:00-5:00 Stent Grafts | 12:00-1:00 Lunch/Exhibit Hall Opens/ Poster Hall Opens | 12:00-1:00 Lunch | 12:00-12:30 Break | 12:00-1:00 Lunch | 12:00-1:00 Lunch |
| 12:30 pm | 12:00-5:00 Managed Care in 1998: Is Your Interventional Service Prepared for the Market? | | | 12:30-2:00 Members' Business Meeting and Lunch | | |
| 1:00 pm | | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops | 1:00-2:30 Scientific Sessions / 1:00-2:30 Featured Abstracts With Commentary | | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops | 1:00-2:30 Scientific Sessions / 1:00-2:30 Workshops |
| 2:00 pm | | | | 2:00-3:00 Coffee Break | | |
| 2:30 pm | | 2:30-3:30 Coffee Break | 2:30-3:30 Coffee Break | | 2:30-3:30 Coffee Break | 2:30-3:30 Coffee Break |
| 3:00 pm | | | | 3:00-5:00 Categorical Courses 305, 306 / 3:00-4:30 Workshop / 3:00-4:30 Scientific Sessions | | |
| 3:30 pm | | 3:30-5:30 Categorical Courses 101, 102, 103 / 3:30-5:00 Workshops | 3:30-5:30 Categorical Courses 201, 202, 204 / 3:30-5:00 Workshops | | 3:30-5:00 Categorical Courses 405, 408 / 3:30-5:00 Workshops | 3:30-5:00 Workshops |
| 5:00 pm | | | | | 5:30-7:00 Volunteers' Reception | MEETING ADJOURNS |
| 6:00 pm | | 6:00-8:00 Opening Reception | 6:00-7:00 Past Presidents' Reception | 6:30-8:30 CIRREF Reception | | |
| 6:30 pm | | | | | | |
| 7:00 pm | | | 7:30-10:00 Fellows' Reception and Dinner | | | |

**EXHIBIT HALL HOURS:**

| Day | Hours |
|---|---|
| Sunday, March 1 | 12:00-4:00 pm |
| Monday, March 2 | 9:30 am-4:00 pm |
| Tuesday, March 3 | 9:30 am-4:00 pm |
| Wednesday, March 4 | 9:30 am-4:00 pm |

**REGISTRATION/TICKET EXCHANGE/ PROGRAM DISTRIBUTION HOURS:**

| Day | Hours |
|---|---|
| Saturday, February 28 | 12:00-4:00 pm |
| Sunday, March 1 | 7:00 am-5:00 pm |
| Monday, March 2 | 7:00 am-5:00 pm |
| Tuesday, March 3 | 7:00 am-5:00 pm |
| Wednesday, March 4 | 7:00 am-5:00 pm |
| Thursday, March 5 | 7:00 am-12:00 Noon |

**SPEAKER READY ROOM/PROGRAM OFFICE:**

| Day | Hours |
|---|---|
| Saturday, February 28 | 11:00 am-6:00 pm |
| Sunday, March 1 | 7:30 am-5:30 pm |
| Monday, March 2 | 7:00 am-5:30 pm |
| Tuesday, March 3 | 7:00 am-5:30 pm |
| Wednesday, March 4 | 7:00 am-5:30 pm |
| Thursday, March 5 | 7:00 am-3:30 pm |



███████████████████████

## EDUCATIONAL PRODUCTS & LITERATURE

*Certification programs*
Cordis Endovascular ........................ 517
Health Management Publications ............. 128
Spectranetics ............................... 843

*Educational materials*
Boston Scientific Corp./MEDI-TECH. .......... 501
Cordis Endovascular ........................ 517
Dorling Kindersley Family Learning ......... 126
Mallinckrodt Inc. ........................... 325

*Publications*
Health Management Publications ............. 128
Mosby/Williams & Wilkins ................... 933

*Self-teaching aids*
Health Management Publications ............. 128

*Slides*
Boston Scientific Corp./MEDI-TECH. .......... 501
Cordis Endovascular ........................ 517

94



Endovascular assisted Anecstomosis
- Do & do in one Setting
- real time angio mapping for patency
- intravascular c.u.! for
  support vessel wall for
  staple or other attachment/anchoring

of blood vessel (bleeding) control

# Exhibit C

# Exhibit C
# Document Submitted Under Seal

# Exhibit D

# Exhibit D
# Document Submitted Under Seal

# Exhibit E

# Exhibit E
# Document Submitted Under Seal

# Exhibit F

# Exhibit F
# Document Submitted Under Seal

# Exhibit G

# Exhibit G
# Document Submitted Under Seal

# Exhibit H

# Exhibit H
# Document Submitted Under Seal

# Exhibit I

# Exhibit I
# Document Submitted Under Seal

# Exhibit J

# Exhibit J
# Document Submitted Under Seal

# Exhibit K

# Exhibit K
# Document Submitted Under Seal

# Exhibit L

# Exhibit L
# Document Submitted Under Seal

# Exhibit M

# Exhibit M
# Document Submitted Under Seal

# Exhibit N

# Exhibit N
# Document Submitted Under Seal

# Exhibit O

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

## Corporations

**Business Search Corporations**

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- **Business Entities Records Order Form**
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

The information displayed here is current as of "DEC 21, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BIOTEGRA, INC. | | |
| **Number:** C2620084 | **Date Filed:** 12/2/2003 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 25 SPECTRUM POINTE DRIVE | | |
| SUITE 402 | | |
| LAKE FORREST, CA 92630 | | |
| **Agent for Service of Process** | | |
| LI-CHIEN HSU | | |
| 25 SPECTRUM POINTE DRIVE | | |
| SUITE 402 | | |
| LAKE FORREST, CA 92630 | | |

[ Printer Friendly ]

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. **Privacy Statement.**

# Exhibit P

# Exhibit P
# Document Submitted Under Seal

# Exhibit Q



RECEIVED
CENTRAL FAX CENTER

OCT 0 7 2005

— VIA FACSIMILE —

PATENT APPLICATION
Docket No.: 11502/30
Customer No. 32642

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | ) |
| | ) |
| Blatter | ) |
| | ) |
| Serial No.:   10/243,543 | )   Art Unit |
| | )   3731 |
| Filed:        September 12, 2002 | ) |
| | ) |
| For:          ANVIL APPARATUS FOR ANASTOMOSIS | ) |
|               AND RELATED METHODS AND SYSTEMS | ) |
| | ) |
| Examiner:     Gary Jackson | ) |

### AMENDMENT AND RESPONSE TO SECOND OFFICE ACTION
### AND
### SUGGESTION BY APPLICANT FOR INTERFERENCE
### PURSUANT TO 37 CFR § 41.202

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313

Sir:

Responsive to the Office Action dated April 7, 2005, Applicant respectfully requests entry of the following amendments and reconsideration of the pending claims in view of the remarks herein. Additionally, please contact Applicant's undersigned attorney in the event that any remaining impediment is found to a prompt finding of allowability and declaration of an interference, which could be clarified by a telephonic interview, or which is susceptible to being overcome by means of an Examiner's

SaltLake-256821.1 0011502-00030

Amendment.

**Amendments to the claims** are reflected in the listing of claims which begins on

page 3 of this paper.

**Remarks** begin on page 4 of this paper.

PAGE 7/20 * RCVD AT 10/7/2005 5:41:58 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/25 * DNIS:2738300 * CSID:801 578 6999 * DURATION (mm-ss):04-28

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

Claims 1-11 (cancelled)

Claim 12 (amended): A method of controlling tissue at an anastomosis site during an anastomosis procedure, the method comprising:

inserting an anvil into a pressurized target vessel;

supporting a wall of the pressurized target vessel at an intended anastomosis site with the anvil positioned adjacent an interior of the wall;

clamping a wall of the pressurized target vessel between the anvil and a clamp;

forming an incision in the wall of the pressurized target vessel before attaching the vessels together;

attaching a graft vessel to the pressurized target vessel; and

removing the anvil.

Claims 13-35 (cancelled)

PAGE 8/20 * RCVD AT 10/7/2005 5:41:58 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/25 * DNIS:2738300 * CSID:801 578 6999 * DURATION (mm-ss):04-28

## REMARKS

This paper is filed in response to the Office Action mailed on April 7, 2005. By this paper, Claim 12 has been amended and Claims 13-35 have been cancelled without prejudice or disclaimer to simplify the issues under consideration and to facilitate declaration of an interference. Claims 12 now includes the limitations previously recited in claim 18. Claim 18 was rejected under 35 U.S.C. § 112 ¶ 2 as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. In particular, it was stated in the Office Action that "[i]t is not clear how the wall is clamped between the "clamp" and "anvil."

The definiteness of the limitation is best appreciated with reference to the examples of the embodiments of the invention provided in the Application. There are several examples of components which act as a clamp to clamp the wall of the pressurized target vessel between the anvil and the component. For example, FIG. 15D and FIG. 15E show the wall of the pressurized target vessel being clamped between anvil 160 and anastomosis ring 350. The configuration of anastomosis ring 350 is best appreciated with reference to FIG. 9A and FIG. 13. As described at paragraphs 198-199 of the Application, and as shown in the referenced figures, anvil 160 is pulled by piercing wire 150 while anastomosis ring 350 is either urged in the opposite direction or held stationary. As stated in paragraph 199 and as best shown in FIG. 15E, this action results in the outer wall of receiving blood vessel 99 and the inner wall of graft vessel 98 being "held between inner side wall 314 of anastomosis ring 350 and an embodiment of the anvil's surfaces such as any of surfaces 164-167." This action is also characterized in the Application at paragraph 187 as "forcing the surfaces

PAGE 9/20 * RCVD AT 10/7/2005 5:41:58 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/25 * DNIS:2738300 * CSID:801 578 6999 * DURATION (mm-ss):04-28

of the graft vessel and the receiving blood vessel against each other." Stated otherwise, the pressurized target vessel is clamped between the anvil and anastomosis ring 350. As recited in amended claim 12, an incision is then formed in the wall of the pressurized target vessel before attachment of the vessels together. The steps of forming an incision in the wall of the pressurized target vessel and attaching a graft vessel to the pressurized target vessel can be achieved simultaneously or in any order.

The clamping step shown in FIG. 20 is achieved in a similar fashion to the method described above. FIG. 21 depicts another embodiment of a method that involves clamping a wall of the pressurized target vessel between the anvil and a clamp. In FIG. 21, anvil 160 cooperates with graft vessel holder 177 to clamp a wall of the pressurized target vessel between an anvil and a clamp.

In summary, the above discussion illuminates ways in which the wall is clamped between the anvil and the clamp. In light of the disclosure discussed above, one of ordinary skill in the art would appreciate that the recited terms, clamp and clamping, are definite. Accordingly, Applicant respectfully requests that the definiteness rejection be withdrawn. In view of the foregoing, it is believed that Claim 12 is patentable in its present form, and a notice of allowability and declaration of an interference are respectfully requested. As mentioned above, if the Examiner finds any remaining impediment to the allowability of claim 12 of the Present Application, please contact the undersigned attorney.

Applicant presents this Amendment in conjunction with a Suggestion By Applicant For Interference Pursuant to 37 CFR § 41.202, wherein Applicant respectfully requests that an interference be declared between the Present Application and U.S.

SaltLake-256821.1 0011502-00030                5

Patent No. U.S. Patent No. 6,391,038. The information required by 37 CFR § 41.202(a) is set forth under headings that correspond to the subsections of 37 CFR § 41.202(a) to facilitate consideration by the Examiner.

## (1) IDENTIFICATION OF THE PATENT WITH WHICH THE APPLICANT SEEKS AN INTERFERENCE

The patent which claims subject matter which interferes with subject matter claimed in the Present Application is U.S. Patent No. 6,391,038 ("the '038 Patent"). The '038 Patent issued on May 21, 2002 to Vargas et al. and is titled "ANASTOMOSIS SYSTEM AND METHOD FOR CONTROLLING A TISSUE SITE." The '038 Patent was issued on U.S. Patent Application Serial No. 09/363,255 that was filed on July 28, 1999. Cardica, Inc. is the assignee named on the face of the '038 Patent.

## (2) IDENTIFICATION OF INTERFERING CLAIMS, PROPOSAL OF A COUNT, AND SHOWING OF HOW CLAIMS CORRESPOND TO COUNT

Applicant believes Claim 8 of the '038 Patent and amended Claim 12 of the Present Application interfere.

Attached Appendix A sets forth a proposed count. The proposed count is an alternative count prepared after consideration of the subject matter claimed by the respective parties. An alternative count is being proposed in part because of the different language utilized by the respective parties to describe the same invention.

Applicant believes that Claims 1, 2, 5-8, 10-12, 15, and 17-19 of the '038 Patent should be designated as corresponding to the count as being anticipated or obvious over the subject matter of the proposed count. Appendix B sets forth how that is true for

SaltLake-256821.1 0011502-00030                6

the subject claims.

## (3)    CLAIM CHART SHOWING WHY CLAIMS INTERFERE

To assist the Examiner, attached Appendix C is a chart that sets forth a side-by-side comparison of Claim 8 of the '038 patent (which is set forth Including the limitations of Claim 1 from which it depends) with Claim 12 of the Present Application.

The recitation in Claim 1 of the '093 Patent that the anvil is inserted "*at an intended anastomosis site*" is found in Claim 12 of the Present Application as the two steps: 1) "inserting an anvil Into a target vessel"; *and* 2) "positioning the anvil at an intended anastomosis site." Applicant submits that despite this difference in language that the respective claims are directed to the same patentable Invention and are obvious in view of each other regardless of which claim is treated as the prior art.

## (4)    DETAILED EXPLANATION OF WHY APPLICANT WILL PREVAIL ON PRIORITY

Applicant would prima facie prevail on priority in an interference since the Present Application is a continuation application of Serial No. 09/293,366, filed April 16, 1999, whereas the '038 Patent was issued on U.S. Patent Application Serial No. 09/363,255 that was filed on July 28, 1999. Accordingly, Applicant would be the senior party in the interference as having the earlier constructive reduction to practice.

## (5)    CLAIM CHART SHOWING WRITTEN DESCRIPTION FOR ADDED CLAIMS

Appendix D is a chart providing an element-by-element recitation of Claim 12 and an indication of the passages in the originally filed application where, at the very least,

SaltLake-256821.1 0011502-00030                      7

the claims find support.

## (6)    SHOWING OF CONSTRUCTIVE REDUCTION TO PRACTICE

The Present Application is a continuation application of Serial No. 09/293,366, filed April 16, 1999, now U.S. Patent No. 6,623,494. Accordingly, Applicant should be accorded benefit of this prior application in the declaration of interference. As indicated above, Applicant should also designated as the senior party in the interference as having the earlier effective filing date, i.e., April 16, 1999, for Applicant, and thus the earlier constructive reduction to practice.

## (7)    CONCLUSION

Applicant respectfully requests that an interference be declared employing the proposed count set forth on attached Appendix A, with Claims 1, 2, 5-8, 10-12, 15, and 17-19 of the '038 Patent, and Claim 12 of the Present Application, designated as corresponding to the count. Such action is respectfully requested.

Respectfully submitted,

Kevin B. Laurence
Attorney for Applicant
Registration No. 38,219

STOEL RIVES LLP
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, UT 84111

**Customer No. 32642**

SaltLake-256821.1 0011502-00030                    8

## APPENDIX A

## PROPOSED COUNT

10/243,543 Claim 12:

A method of controlling tissue at an anastomosis site during an anastomosis procedure, the method comprising:

inserting an anvil into a pressurized target vessel;

supporting a wall of the pressurized target vessel at an intended anastomosis site with the anvil positioned adjacent an interior of the wall;

clamping a wall of the pressurized target vessel between the anvil and a clamp:

forming an incision in the wall of the pressurized target vessel before attaching the vessels together;

attaching a graft vessel to the pressurized target vessel; and removing the anvil.

or 6,391,038 Claim 8:

The method of claim 1 *[A method of controlling a tissue site during an anastomosis procedure, the method comprising:*

*inserting an anvil into a pressurized vessel at an intended anastamosis site;*

*supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall;*

*performing anastamosis; and*

*removing the anvil]*

further comprising a step of clamping a wall of the pressurized vessel between the anvil and a clamp, and forming an incision in the wall of the pressurized target vessel before the step of performing the anastamosis.

PAGE 14/20 * RCVD AT 10/7/2005 5:41:58 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/25 * DNIS:2738300 * CSID:801 578 6999 * DURATION (mm-ss):04-28

## APPENDIX B

## CLAIMS OF THE '038 PATENT CORRESPONDING TO THE PROPOSED COUNT

| 6,391,038 CLAIMS | REASON CLAIM CORRESPONDS TO PROPOSED COUNT |
|---|---|
| 1. A method of controlling a tissue site during an anastomosis procedure, the method comprising:<br>inserting an anvil into a pressurized vessel at an intended anastomosis site;<br>supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall;<br>performing anastomosis; and<br>removing the anvil. | Claim 8, which is half of the proposed count, depends from claim 1. Claim 8 thus necessarily represents a species of the genus of claim 1. Accordingly, claim 1 is anticipated by, and so corresponds to, the proposed count. |
| 2. The method of claim 1, further comprising a step of forming an incision in the wall of the pressurized vessel after the step of performing the anastomosis to allow blood flow between the pressurized vessel and a graft vessel. | Claim 1 corresponds to the proposed count (see above). Claim 2 further limits claim 1 in that it recites, "forming an incision … to allow blood to flow between the pressurized vessel and the graft vessel." As noted at Col 1, lines 18-22 and 55-60 of the '038 Patent, the purpose of anastomosis is to allow blood to flow between the target vessel and the graft vessel. In order for such blood flow to occur, it is necessary to form an incision in the wall of the pressurized target vessel. Accordingly, Claim 7 is an obvious variant of Claim 1, and so corresponds to the proposed count for the same reason as Claim 1. |
| 5. The method of claim 2, wherein the incision is made before removing the anvil. | Claim 2 corresponds to the proposed count (see above). Claim 5 further limits claim 2 in that it recites, "the incision is made before removing the anvil." The only alternative possibility is that the incision is made after removing the anvil. Claim 5 thus represents an obvious species of the genus of Claim 2, and so corresponds to the proposed count for the same reason as Claim 2. |
| 6. The method of claim 1, wherein the step of performing anastomosis includes inserting staples through a graft vessel | Claim 6 depends from Claim 1, which corresponds to the proposed count (see above). Claim 6 further limits claim 1 by |

SahLake-256821.1 0011502-00030

10



| 6,391,038 CLAIMS | REASON CLAIM CORRESPONDS TO PROPOSED COUNT |
|---|---|
| and a target vessel and bending ends of the staples against the anvil. | requiring that the connection be made using staples. It is conventional in the art to perform an anastomosis using staples. *See*, paragraphs 0036-0042 of the present application. Accordingly, Claim 6 is an obvious variant of Claim 1, and likewise corresponds to the proposed count. |
| 7. The method of claim 1, wherein the step of performing anastomosis includes suturing a graft vessel and the pressurized vessel together. | Claim 1 corresponds to the proposed count (*see above*). Claim 7 further limits claim 1 in that it recites performing the anastomosis with sutures. As noted at lines 35-51 of the '038 Patent, it is conventional in the art to form an anastomosis using sutures. Accordingly, Claim 7 is an obvious variant of Claim 1, and so corresponds to the Count for the same reason as Claim 1. |
| 8. The method of claim 1, further comprising a step of clamping a wall of the pressurized vessel between the anvil and a clamp, and forming an incision in the wall of the pressurized vessel before the step of performing the anastomosis. | Claim 8 is one half of the proposed count, and so corresponds to the proposed count |
| 10. A method of controlling a tissue site during an anastomosis procedure, the method comprising: inserting an anvil into a target vessel at an intended anastomosis site; supporting a wall of the target vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall; performing anastomosis between a graft vessel and the target vessel; and making an incision in the wall of the target vessel to allow blood flow between the graft vessel and the target vessel. | Claim 8 is one half of the proposed count, and so corresponds to the proposed count. Claim 10 is substantially similar to claim 8. However, Claim 8 contains the additional requirement that the target vessel be pressurized, and the additional step of clamping the pressurized target vessel. Claim 8 is thus a species of, and so anticipates, Claim 10. Accordingly, Claim 10 corresponds to the proposed count. |
| 11. The method of claim 10, wherein the step of performing anastomosis comprises connecting an end of the graft vessel to a side of the target vessel. | Claim 11 depends from claim 10, which corresponds to the proposed count (*see above*). As noted at Col. 1, lines 35-51, when forming an anastomosis it is |

SaltLake-256821.1 0011502-00030

11


| 6,391,038 CLAIMS | REASON CLAIM CORRESPONDS TO PROPOSED COUNT |
|---|---|
|  | conventional in the art to connect an end of the graft vessel to a side of the target vessel. Accordingly, Claim 11 is an obvious variant of claim 10 and likewise corresponds to the proposed count. |
| 12. The method of claim 11, wherein the step of performing anastomosis further comprises connecting the end of the graft vessel to the side of the pressurized vessel with a plurality of staples. | Claim 12 depends from Claim 11, which corresponds to the proposed count (see above). Claim 12 further limits claim 11 by requiring that the connection be made using "a plurality of staples." It is conventional in the art to perform an anastomosis using staples. See, paragraphs 0036-0042 of the present application. Accordingly, Claim 12 is an obvious variant of Claim 11, and likewise corresponds to the proposed count. |
| 15. The method of claim 10, wherein the anastomosis is performed on a pressurized target vessel. |  |
| 17. The method of claim 10, wherein the incision is made before removing the anvil from the target vessel. | Claim 10 corresponds to the proposed count (see above). Claim 17 further limits Claim 10 in that it recites, "the incision is made before removing the anvil." The only alternative possibility is that the incision is made after removing the anvil. Claim 17 thus represents an obvious species of the genus of claim 10, and so corresponds to the proposed count for the same reason as claim 10. |
| 18. The method of claim 1, wherein the step of performing anastomosis comprises connecting an end of a graft vessel to a side of the pressurized vessel. | Claim 18 depends from claim 1, which corresponds to the proposed count (see above). As noted at Col. 1, lines 35-51, when forming an anastomosis it is conventional in the art to connect an end of the graft vessel to a side of the target vessel. Accordingly, Claim 18 is an obvious variant of Claim 1 and likewise corresponds to the proposed count. |
| 19. The method of claim 18, wherein the step of performing anastomosis further comprises connecting the end of the graft vessel to the side of the pressurized vessel with a plurality of staples. | Claim 19 depends from Claim 18, which corresponds to the proposed count (see above). Claim 19 further limits claim 18 by requiring that the connection be made using "a plurality of staples." It is conventional in the art to perform an |

SaltLake-256821.1 0011502-00030

12

| 6,391,038 CLAIMS | REASON CLAIM CORRESPONDS TO PROPOSED COUNT |
|---|---|
|  | anastomosis using staples. See, paragraphs 0036-0042 of the present application. Accordingly, Claim 19 is an obvious variant of Claim 18, and likewise corresponds to the proposed count. |

## APPENDIX C

## COMPARISON OF CLAIM 12 OF THE PRESENT APPLICATION WITH CLAIMS 1 AND 8 OF U.S. PATENT NO. 6,391,038

| Claim 12 of the Present Application | Claims 1 and 8 from U.S. Patent No. 6,391,038 |
|---|---|
| 12. A method of controlling tissue at an anastomosis site during an anastomosis procedure, the method comprising: | 1. A method of controlling a tissue site during an anastomosis procedure, the method comprising: |
| inserting an anvil into a pressurized target vessel; | inserting an anvil into a pressurized vessel at an intended anastomosis site; |
| supporting a wall of the pressurized target vessel at an intended anastomosis site with the anvil positioned adjacent an interior of the wall; | supporting a wall of the pressurized vessel at the intended anastomosis site with the anvil positioned adjacent an interior of the wall; |
| | performing anastomosis; |
| | and |
| clamping a wall of the pressurized target vessel between the anvil and a clamp; | removing the anvil. |
| forming an incision in the wall of the pressurized target vessel before attaching the vessels together; | 8.    The method of claim 1, further comprising a step of clamping a wall of the pressurized vessel between the anvil and a clamp, |
| | and |
| attaching a graft vessel to the pressurized target vessel; and | forming an incision in the wall of the pressurized vessel before the step of performing the anastomosis. |
| removing the anvil. | |

## APPENDIX D

### SUPPORT FOR CLAIM 12 OF THE PRESENT APPLICATION IN THE DISCLOSURE OF THE PRESENT APPLICATION

| Claim 12 of the Present Application | Support for Claim 12 in Applicant's Disclosure |
|---|---|
| 12. A method of controlling tissue at an anastomosis site during an anastomosis procedure, the method comprising: | *passim* |
| inserting an anvil into a pressurized target vessel; | e.g., page 38, paragraph 147 |
| supporting a wall of the pressurized target vessel at an intended anastomosis site with the anvil positioned adjacent an interior of the wall; | e.g., page 44, paragraph 168; page 53, paragraph 195; FIGS. 15A-B<br><br>e.g., page 54; paragraphs 198-199; page 50, paragraph 187; anvil 160 and anastomosis ring 350 in FIGS. 15D-15E, FIG. 20 and graft vessel holder 177 in FIG. 21 |
| clamping a wall of the target vessel between the anvil and a clamp; | |
| forming an incision in the wall of the pressurized target vessel before attaching the vessels together; | e.g., page 55, paragraph 201; FIGS. 15H-J |
| attaching a graft vessel to the pressurized target vessel; and | *passim*, including title |
| removing the anvil. | page 62, paragraph 223. |

PAGE 20/20 ' RCVD AT 10/7/2005 5:41:58 PM [Eastern Daylight Time] ' SVR:USPTO-EFXRF-6/25 ' DNIS:2738300 ' CSID:801 578 6999 ' DURATION (mm-ss):04-28

| COMBINED AMENDMENT & PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) (Small Entity) | Docket No. 11502/30 |
|---|---|

The fee for the amendment and extension of time is to be paid as follows:

☐  A check in the amount of _____ for the amendment and extension of time is enclosed.

☐  Please charge Deposit Account No. _____ in the amount of _____

☒  The Director is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No.    50-2375

    ☒  Any additional filing fees required under 37 C.F.R. 1.16.
    ☒  Any patent application processing fees under 37 CFR 1.17.

☒  If an additional extension of time is required, please consider this a petition therefor and charge any additional fees which may be required to Deposit Account No.  50-2375

☒  Payment by credit card. Form PTO-2038 is attached.

    **WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

_Kevin B. Laurence_
    Signature

Kevin B. Laurence
Registration No. 38,219
Stoel Rives LLP
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone: 801-578-6932
Facsimile: 801-578-6999

cc:

Dated:  Oct. 7, 2005

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to the "Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450" [37 CFR 1.8(a)] on

_____
(Date)

_____
Signature of Person Mailing Correspondence

_____
Typed or Printed Name of Person Mailing Correspondence

P28SMALL/REV05

| CERTIFICATE OF TRANSMISSION BY FACSIMILE (37 CFR 1.8) | Docket No. |
|---|---|
| Applicant(s):  Blatter | 11502/30 |

| Application No. | Filing Date | Examiner | Group Art Unit |
|---|---|---|---|
| 10/243,543 | September 12, 2002 | Gary Jackson | 3731 |

Invention:    ANVIL APPARATUS FOR ANASTOMOSIS AND RELATED METHODS AND SYSTEMS

I hereby certify that this    Amendment and Response to Second Office Action and Suggestion
by Applicant for Interference Pursuant to 37 CFR Section 41.202
*(Identify type of correspondence)*

is being facsimile transmitted to the United States Patent and Trademark Office (Fax. No.   571-273-8300

on          October 7, 2005
            *(Date)*

Kevin B. Laurence
*(Typed or Printed Name of Person Signing Certificate)*

*Kevin B. Laurence*
*(Signature)*

Note: Each paper must have its own certificate of mailing.

Transmitted:    Certificate of Transmission by Facsimile (37 CFR 1.8) (1 pg.)
PTO-Form 2038 charging the amount of $510.00 (1 pg.)
Combined Amendment & Petition for Extension of Time (2 pgs.)
Amendment and Response to Second Office Action and Suggestion by
Applicant for Interference Pursuant to 37 CFR 41.202 (15 pgs.)

Total Pages Transmitted: 19 pgs.

PTO/REV02



OCT 0 7 2005

| COMBINED AMENDMENT & PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) (Small Entity) | Docket No. 11502/30 |
|---|---|

In Re Application Of: **Blatter**

| Application No. | Filing Date | Examiner | Customer No. | Group Art Unit | Confirmation No. |
|---|---|---|---|---|---|
| 10/243,543 | September 12, 2002 | **Gary Jackson** | 32642 | 3731 | 4420 |

Invention: **ANVIL APPARATUS FOR ANASTOMOSIS AND RELATED METHODS AND SYSTEMS**

### COMMISSIONER FOR PATENTS:

This is a combined amendment and petition under the provisions of 37 CFR 1.136(a) to extend the period for filing a response to the Office Action of ____April 7, 2005____ in the above-identified application.
<span style="font-size:small">Date</span>

The requested extension is as follows (check time period desired):

☐ One month   ☐ Two months   ☒ Three months   ☐ Four months   ☐ Five months

from: ____July 7, 2005____        until: ____October 7, 2005____
<span style="font-size:small">Date</span>                       <span style="font-size:small">Date</span>

Applicant claims small entity status. See 37 CFR 1.27.

```
10/11/2005 TL0111    00000013 502375   10243543
02 FC:2253              395.00 DA       115.00 OP
```

The fee for the amendment and extension of time has been calculated as shown below:

| | CLAIMS AS AMENDED | | | | |
|---|---|---|---|---|---|
| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST # PREV. PAID FOR | NUMBER EXTRA CLAIMS PRESENT | RATE | ADDITIONAL FEE |
| TOTAL CLAIMS | 1 . | 33 = | 0 | x $25.00 | $0.00 |
| INDEP. CLAIMS | 1 . | 6 = | 0 | x $100.00 | $0.00 |
| | | | FEE FOR AMENDMENT | | $0.00 |
| | | | FEE FOR EXTENSION OF TIME | | $510.00 |
| | | | TOTAL FEE FOR AMENDMENT AND EXTENSION OF TIME | | $510.00 |

P2RSMALL/REV05

# Exhibit R

UNITED STATES PATENT AND TRADEMARK OFFICE

DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS AND INTERFERENCES
BOX INTERFERENCE, WASHINGTON, D.C. 20231

Filed by: Judge Sally C. Medley
Telephone: 571-272-9797
Facsimile: 571-273-0042

MAILED

MAR 1 4 2006

PAT & T.M Orr...
BOARD OF PATENT APPEALS
AND INTERFERENCES

Applicants: BLATTER
Application No.: 10/243,543
Filed: 09/12/02
For: Anvil apparatus for anastomosis and related methods and systems

        The above-identified application or patent has been forwarded to the Board of Patent Appeals and Interferences because it is adjudged to interfere with another application or patent. An interference has been declared. The interference is designated as No. 105,426.

        Notice is hereby given the parties of the requirement of the law for filing in the Patent and Trademark Office a copy of any agreement "in connection with or in contemplation of the termination of the interference." 35 U.S.C. § 135(c).


                        /Sally C. Medley/
                        SALLY C. MEDLEY
                        Administrative Patent Judge

## INTERFERENCE DIGEST

Interference No.      105,426                          Paper No. _____

Name:  Duane D. Blatter et al.

Serial No.:  10/243,543                    Patent No. _____

Title: Anvil apparatus for anastomosis and related methods and systems

Filed: 09/12/02

Interference with    Vargas et al.

## DECISION ON MOTIONS

Administrative Patent Judge,_____Dated,_____

_____

_____

_____

## FINAL DECISION

Board of Patent Appeals and Interferences,_____Dated,_____

_____

Court,_____Dated,_____

## REMARKS

_____

_____

_____

**This should be placed in each application or patent involved in interference in addition to the interference letters.**

Paper 1

Mail Stop Interference
P.O. Box 1450
Alexandria Va 22313-1450
Tel: 571-272-9797
Fax: 571-273-0042

Filed 14 March 2006

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

JAIME **VARGAS,** MICHAEL HENDRICKSEN,
STEPHEN YENCHO, JAMEY NIELSEN,
BERNARD A. HAUSEN and BRENDAN DONOHOE
Junior Party
(Patent 6,391,038),

v.

DUANE D. **BLATTER**
Senior Party
(Application Patent 10/243,543).

Patent Interference No. 105,426 (SCM)
(Technology Center 3700)



**DECLARATION - Bd.R. 203(d)[1]**

1    **Part A.  Declaration of interference**

2        An interference is declared (35 U.S.C. § 135(a)) between the above-identified

3    parties.  Details of the application(s), patent (if any), reissue application (if any),

4    count(s) and claims designated as corresponding or as not corresponding to the

5    count(s) appear in Parts E and F of this DECLARATION.

6

7

---

[1] "Bd.R. x" may be used as shorthand for "37 C.F.R. § 41.x".  69 Fed. Reg. 49960, 49961 (12 Aug. 2004).

-1-

**Part B. Judge managing the interference**

Administrative Patent Judge Sally Medley has been designated to manage the interference. Bd. R. 104(a).

**Part C. Standing order**

A Trial Section STANDING ORDER [SO] (Paper 2) accompanies this DECLARATION. The STANDING ORDER applies to this interference.

**Part D. Initial conference call**

A telephone conference call to discuss the interference is set for **2:00 p.m. on 9 May 2006** (the Board will initiate the call).

No later than **four business days** prior to the conference call, each party shall file and serve (SO ¶¶ 10.1 & 105) a list of the motions (Bd. R. 120; Bd. R. 204; SO ¶¶ 104.2.1, 120 & 204) the party intends to file.

A sample schedule for taking action during the motion phase appears as Form 2 in the STANDING ORDER. Counsel are encouraged to discuss the schedule prior to the conference call and to agree on dates for taking action. A typical motion period lasts approximately eight (8) months. Counsel should be prepared to justify any request for a shorter or longer period.

1       **Part E. Identification and order of the parties**

2                               <u>Junior Party</u>

3       Named inventors:        JAIME **VARGAS**, Palo Alto, California
4                               MICHAEL HENDRICKSEN, Menlo Park, California
5                               STEPHEN YENCHO, Menlo Park, California
6                               JAMEY NIELSEN, San Francisco, California
7                               BERNARD A. HAUSEN, Menlo Park, California
8                               BRENDAN DONOHOE, San Francisco, California
9
10      Involved Patent:        6,391,038, granted 21 May 2002, based on
11                              application 09/363,255, filed 28 July 1999
12
13      Title:                  Anastomosis system and method for controlling a
14                              tissue site
15
16      Assignee:               Cardica Inc.

17                              <u>Senior Party</u>

18      Named Inventors:        DUANE D. **BLATTER**, Salt Lake City, Utah

19      Involved Application:   10/243,543, filed 12 September 2002

20      Title:                  Anvil apparatus for anastomosis and related methods
21                              and systems
22
23      Assignee:               Integrated Vascular Interventional Technologies, L.C.

24      The senior party is assigned exhibit numbers 1001-1999. The junior party is

25      assigned exhibit numbers 2001-2999. Bd. R. 154(c)(1); SO ¶ 154.2.1. The senior party

26      is responsible for initiating settlement discussions. SO ¶ 126.1.

27

28

29

30

-3-

1    **Part F.  Count and claims of the parties**

2                                          Count 1

3        Claim 8 of Vargas patent 6,391,038 or Claim 12 of Blatter application 10/243,543

4

5        The claims of the parties are:

6            Vargas:      1-21

7            Blatter:     12

8        The claims of the parties which correspond to Count 1 are:

9            Vargas:      1, 2, 5-8, 10-12, 15 and 17-19

10           Blatter:     12

11       The claims of the parties which do not correspond to Count 1, and therefore are

12   not involved in the interference, are:

13           Vargas:      3, 4, 9, 13, 14, 16, 20 and 21

14           Blatter:     none

15       The parties are accorded the following benefit for Count 1:

16           Vargas:      none

17           Blatter:     09/293,366, filed 16 April 1999, now patent 6,623,494,
18                        granted 23 September 2003
19

20

21

22

23

-4-

1    **Part G.  Heading to be used on papers**

2    The following heading must be used on all papers filed in this interference, see

3    SO ¶ 106.1.1:
4
5                    UNITED STATES PATENT AND TRADEMARK OFFICE
6
7
8                    BEFORE THE BOARD OF PATENT APPEALS
9                              AND INTERFERENCES
10
11
12                 JAIME **VARGAS**, MICHAEL HENDRICKSEN,
13                    STEPHEN YENCHO, JAMEY NIELSEN,
14              BERNARD A. HAUSEN and BRENDAN DONOHOE
15                              Junior Party
16                           (Patent 6,391,038),
17
18                                    v.
19
20                          DUANE D. **BLATTER**
21                              Senior Party
22                  (Application Patent 10/243,543).
23
24                 Patent Interference No. 105,426 (SCM)
25                      (Technology Center 3700)
26
27
28    **Part H.  Order form for requesting file copies**

29    When requesting copies of files, use of SO Form 4 will greatly expedite

30   processing of the request.  Please attach a copy of Parts E and F of this

31   DECLARATION with a hand-drawn circle around the patents and applications for which

32   a copy of a file wrapper is requested.


                           /Sally C. Medley/
                           Administrative Patent Judge



                                    -5-



Enc:
      Copy of STANDING ORDER
      Copy U.S. Patent 6,391,038
      Copy of claims of 10/243,543

Revised 3 January 2006

cc (via overnight delivery):

Attorney for VARGAS:

      Brian A. Schar, Esq.
      CARDICA, INC.
      900 Saginaw Drive
      Redwood City, CA 94063

Attorney for BLATTER:

      Kevin B. Laurence, Esq.
      STOEL RIVES LLP
      201 South Main Street, Suite 1100
      One Utah Center
      Salt Lake City, UT 84111

| | Page H | | Tab 19 | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| **Preliminary Motions--Default times for taking action** | | | | | | | |
| | | | | | | | |
| Enter | | | | | | | |
| Declaration date | 03/14/06 | . | | | | | |
| | | | | | | | |
| | Calculate | | Enter | Calculate | | | Description |
| | Date | | Weeks | Days | | | |
| | | | | | | | |
| Declaration | 03/14/06 | | 0 | 0 | | | |
| Real party | 03/28/06 | | 2 | 14 | | | |
| Request for file | 03/28/06 | | 2 | 14 | | | |
| Clean copy claims | 03/28/06 | | 2 | 14 | | | |
| Means analysis | 04/11/06 | | 4 | 28 | | | |
| Drawing analysis | 04/11/06 | | 4 | 28 | | | |
| | | | | | | | |
| P/M list | 05/07/06 | | | | | | |
| Conference Call | 05/09/06 | | 8 | 56 | | | |
| | | | | | | | |
| Time Period 1 | 06/20/06 | | 6 | 42 | | | Preliminary motions due |
| Object evidence | 06/27/06 | | | 7 | 1 | | |
| Correct evidence | 07/11/06 | | | 14 | 2 | | |
| Time Period 2 | 07/11/06 | | 3 | 21 | | | I & j preliminary motions |
| Object evidence | 07/18/06 | | | 7 | 1 | | |
| Correct evidence | 08/01/06 | | | 14 | 2 | | |
| Cross can begin | 08/01/06 | | | 21 | 3 | | |
| Cross must end | 08/12/06 | | | | | | |
| Time Period 3 | 08/22/06 | | 6 | 42 | | | Oppositions due |
| Object evidence | 08/29/06 | | | 7 | 1 | | |
| Correct evidence | 09/12/06 | | | 14 | 2 | | |
| Cross can begin | 09/12/06 | | | 21 | 3 | | |
| Cross must end | 09/23/06 | | | | | | |
| Time Period 4 | 10/03/06 | | 6 | 42 | | | Replies due |
| Object evidence | 10/10/06 | | | 7 | 1 | | |
| Correct evidence | 10/24/06 | | | 14 | 2 | | |
| Cross can begin | 10/24/06 | | | 21 | 3 | | |
| Cross must end | 11/04/06 | | | | | | |
| Time Period 5 | 11/14/06 | | 6 | 42 | | | Request for hearing, motion to suppress and & x-exam observations |
| Time Period 6 | 12/05/06 | | 3 | 21 | | | Suppression opposition & response to observations |
| Time Period 7 | 12/19/06 | | 2 | 14 | | | Suppression reply |
| Time Period 8 | 12/26/06 | | 1 | 7 | | | File record |
| | | | | | | | |
| Oral argument 9 | 01/23/07 | | 4 | 28 | | | Oral argument |
| P/m decision 10 | 02/27/07 | | 5 | 35 | | | Decision on p/m |
| | | | | | | | |
| Total Weeks from conference call to Time Period 8 | | | 33 | | | | |
| Total weeks from declaration to Time Period 8 | | | 41 | | | | |
| Total weeks from declaration to decision on p/m | | | 50 | | | | |

a

# Exhibit S

Express Mail Label No. ER620043514US

PATENT APPLICATION
Docket No.: 11502/33

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | ) | |
| | ) | |
| Blatter et al. | ) | |
| | ) | |
| Serial No.: Not Yet Assigned | ) | Art Unit |
| | ) | 3731 |
| Filed: November , 2003 | ) | |
| | ) | |
| For: STAPLE AND ANVIL ANASTOMOSIS SYSTEM | ) | |
| | ) | |
| | ) | |
| Examiner: Not Yet Assigned | ) | |

## PRELIMINARY AMENDMENT
### AND
### REQUEST FOR INTERFERENCE DECLARATION

BOX: RESPONSE
Commissioner for Patents
Washington, D.C. 20231

Sir:

Please amend the above-identified application as follows:

**Amendments to the claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

Claims 1-11 (cancelled)

12. (new)  An anastomosis system for connecting a graft vessel to a target vessel, the graft vessel and the target vessel each having a lumen, the anastomosis system comprising:

an anvil having staple bending features defined thereon and an incising element connected thereto;

a plurality of staples, each staple configured to engage at least one of the staple bending features; and

a staple holder in which the staples are held, said staple holder moveable relative to the anvil.

13. (new)  An anastomosis system for connecting a graft vessel to a target vessel, the graft vessel and the target vessel each having a lumen, the anastomosis system comprising:

an elongated anvil having staple bending features defined thereon and an incising element connected thereto;

a plurality of staples, each staple configured to engage at least one of the staple bending features; and

a staple holder in which the staples are held, said staple holder moveable relative to the anvil.

14. (new)  The anastomosis system of claim 13, wherein the at least one staple comprises a plurality of U-shaped staples.

15. (new)  The anastomosis system of claim 13, wherein each of the plurality of staples comprises a staple body and a plurality of tissue puncturing staple ends extending from the staple body and configured to be received by the staple bending features.

16. (new)  The anastomosis system of claim 13, wherein the staple bending features each include a plurality of recesses.

17. (new)  The anastomosis system of claim 13, wherein the staple bending features are grooves extending along the elongated anvil.

18. (new)  The anastomosis system of claim 13, wherein said incising element is movable relative to said anvil.

19. (new) A method of performing anastomosis between a graft vessel and a target vessel, comprising:

placing the end of a graft vessel against the side of a target vessel at a first location;

inserting an anvil through the wall of the target vessel at a second location; and

deploying a plurality of connectors to secure the graft vessel to the target vessel.


20. (new) A method of performing anastomosis between a graft vessel and a target vessel, comprising:

placing the end of a graft vessel against the side of a target vessel at a first location;

inserting an elongated anvil through the wall of the target vessel at a second location, said second location upstream from said first location; and

deploying a plurality of connectors to secure the graft vessel to the target vessel.

## REMARKS

Claims 12-20 are either copied verbatim or substantially copied from U.S. Patent No. 6,478,804 issued to Vargas et al. (hereinafter the "Vargas Patent"), granted November 12, 2002.

Claim 12 corresponds with the Vargas Patent's claim 1 but has been broadened slightly in accordance with Applicant's disclosure. Claims 13-18 and 20 correspond to the Vargas Patent's claims 1, 3, 8, 12, 13, 14, and 34, respectively. Claim 19 corresponds with the Vargas Patent's claim 34 but has been broadened. In accordance with 37 C.F.R. § 1.607(a), the copied claims may be specifically applied to Applicant's disclosure in the above-referenced patent application as follows:

| Copied Claim | Applicant's Disclosure |
|---|---|
| 12. An anastomosis system for connecting a graft vessel to a target vessel, the graft vessel and the target vessel each having a lumen, the anastomosis system comprising: | passim |
| an anvil having staple bending features defined thereon and an incising element connected thereto; | e.g., page 39, ¶150; page 49, ¶186; FIGS. 3B-3D, 13, 14, 15C-J, and accompanying disclosure |
| a plurality of staples, each staple configured to engage at least one of the staple bending features; and | e.g., page 39, ¶150; page 49, ¶186; FIGS. 9B, 13, 14, 15D-J, and accompanying disclosure |
| a staple holder in which the staples are held, said staple holder moveable relative to the anvil. | e.g., FIGS. 8, 9A-C, 10-14, 15C-K, 20, and accompanying disclosure |

| | |
|---|---|
| 13. An anastomosis system for connecting a graft vessel to a target vessel, the graft vessel and the target vessel each having a lumen, the anastomosis system comprising: | passim |
| an elongated anvil having staple bending features defined thereon and an incising element connected thereto; | e.g., page 39, ¶150; page 49, ¶186; FIGS. 3B-3D, 7B, 13, 14, 15C-J, and accompanying disclosure |
| a plurality of staples, each staple configured to engage at least one of the staple bending features; and | e.g., page 39, ¶150; page 49, ¶186; FIGS. 9B, 13, 14, 15D-J, and accompanying disclosure |
| a staple holder in which the staples are held, said staple holder moveable relative to the anvil. | e.g., FIGS. 8, 9A-C, 10-14, 15C-K, 20, and accompanying disclosure |
| 14. The anastomosis system of claim 13, wherein the at least one staple comprises a plurality of U-shaped staples. | e.g., FIGS. 8, 9A-9B, 13-14, 15D-16F, 20, and accompanying disclosure |
| 15. The anastomosis system of claim 13, wherein each of the plurality of staples comprises a staple body and a plurality of tissue puncturing staple ends extending from the staple body and configured to be received by the staple bending features. | e.g., page 39, ¶150; page 49, ¶186; FIGS. 8, 9A-9B, 13-14, 15D-16F, 20, and accompanying disclosure |
| 16. The anastomosis system of claim 13, wherein the staple bending features each include a plurality of recesses. | e.g., FIGS. 3B, 9B, 14, and accompanying disclosure |
| 17. The anastomosis system of claim 13, wherein the staple bending features are grooves extending along the elongated anvil. | e.g., FIG. 3B and accompanying disclosure |
| 18. The anastomosis system of claim 13, wherein said incising element is movable relative to said anvil. | e.g., page 55, ¶ 201; FIGS. 10, 12-14, 15C-15J, and accompanying disclosure |

| 19. A method of performing anastomosis between a graft vessel and a target vessel, comprising: | passim |
|---|---|
| placing the end of a graft vessel against the side of a target vessel at a first location; | passim, e.g., page 29, ¶83; FIGS. 15D-15L, 17C, 17F-17K, 18, 20, 21, and accompanying disclosure |
| inserting an anvil through the wall of the target vessel at a second location; and | e.g., page 28, ¶81-¶82, page 36, ¶143 through page 38, ¶147; FIG. 1 |
| deploying a plurality of connectors to secure the graft vessel to the target vessel. | e.g., page 57, ¶210 through page 58, ¶214; FIGS. 15E-15L, 17C, 17F-17K, 20, and accompanying disclosure |
| 20. A method of performing anastomosis between a graft vessel and a target vessel, comprising: | passim |
| placing the end of a graft vessel against the side of a target vessel at a first location; | passim, e.g., page 29, ¶83; FIGS. 15D-15L, 17C, 17F-17K, 18, 20, 21, and accompanying disclosure |
| inserting an elongated anvil through the wall of the target vessel at a second location, said second location upstream from said first location; and | e.g., page 28, ¶81-¶82, page 36, ¶143 through page 38, ¶147; FIG. 1 |
| deploying a plurality of connectors to secure the graft vessel to the target vessel. | e.g., page 57, ¶210 through page 58, ¶214; FIGS. 15E-15L, 17C, 17F-17K, 20, and accompanying disclosure |

Where the claims presented in this document differ from those of the Vargas Patent they do so to correct what appear to be errors in the claims of the Vargas Patent. Applicants invention as recited in the new copied or substantially copied claims 12-20 and that of the Vargas Patent are therefore drawn to the same patentable invention, as defined in 37 C.F.R. § 1.601(n).

Pursuant to 37 C.F.R. § 1.607(a)(2), Applicant "presents" the following proposed count 1 and count 2:

1.    An anastomosis system for connecting a graft vessel to a target vessel, the graft vessel and the target vessel each having a lumen, the anastomosis system comprising:

an anvil having staple bending features defined thereon and an incising element connected thereto;

a plurality of staples, each staple configured to engage at least one of the staple bending features; and

a staple holder in which the staples are held, said staple holder moveable relative to the anvil.

2.    A method of performing anastomosis between a graft vessel and a target vessel, comprising:

placing the end of a graft vessel against the side of a target vessel at a first location;

inserting an anvil through the wall of the target vessel at a second location; and

deploying a plurality of connectors to secure the graft vessel to the target vessel.

Applicant submits that proposed count 1 corresponds to the Vargas Patent's claims 1, 3, 8, 12, 13, and 14, and to Applicant's claims 12-18. Applicant submits that

proposed count 2 corresponds to the Vargas Application's claim 34 and to Applicant's claims 19 and 20. The claims of the Vargas Patent that are not referred to were not copied because Applicant lacked support for them in its disclosure. However, each such claim is an obvious variation of the proposed counts.

The requirements of 35 U.S.C. § 135(b) have been met since this amendment is being before one year after issuance of the Vargas Patent (November 12, 2002).

DATED this 12TH day of NOVEMBER 2003.

Respectfully submitted,

Kevin B. Laurence
Attorney for Applicant
Registration No. 38,219

STOEL RIVES LLP
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 578-6932
Facsimile: (801) 578-6999

CUSTOMER NO. 32642