1 | BRENT P. LORIMER (USB No. A3731) (admitted pro hac vice)
    blorimer@wnlaw.com
2 | THOMAS R. VUKSINICK (USB No. A3341) (admitted pro hac vice)
    tvuksinick@wnlaw.com
3 | CHAD E. NYDEGGER (USB No. 9664) (to be admitted pro hac vice)
    cnydegger@wnlaw.com
4 | WORKMAN NYDEGGER
    1000 Eagle Gate Tower
5 | 60 East South Temple
    Salt Lake City, UT  84111
6 | Telephone:  (801) 533-9800
    Facsimile:  (801) 328-1707
7 |
8 | ROBERT H. SLOSS
    FARELLA BRAUN & MARTEL LLP
9 | 235 Montgomery Street
    San Francisco, CA  94101
10 | Telephone:  (415) 954-4400
     Facsimile:  (415) 954-4480 (fax)
11 | RSloss@fbm.com

12 | Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDICA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED VASCULAR INTERVENTIONAL TECHNOLOGIES, L.C., a Utah limited liability company,<br><br>Defendant. | Case No. C07-2687 SBA<br><br>Honorable Saundra Brown Armstrong<br><br>**DECLARATION OF THOMAS R. VUKSINICK PURSUANT TO N.D.CAL. L.R. 79-5(d) SUPPORTING THE CONFIDENTIALITY OF DEFENDANT'S DOCUMENTS WITHIN CARDICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Honorable Saundra Brown Armstrong<br>Dept.: Courtroom 3, 3rd Floor<br><br>Complaint filed:    May 22, 2007 |

I, Thomas R. Vuksinick, declare:

1. I am an attorney licensed to practice law in the State of Utah and an attorney with the firm of Workman Nydegger, counsel of record for defendant in this action. I have knowledge of the following, and if called as a witness, could and would testify competently to the facts set forth below, either based upon my own knowledge, or based upon my review of the cited documents.

2. On December 31, 2007, Plaintiff Cardica, Inc. ("Cardica") submitted its Opposition to Defendant IVIT's Motion to Dismiss for Lack of Personal Jurisdiction. Because that opposition and the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss for Lack of Personal Jurisdiction contained certain confidential and proprietary information, Cardica filed an Administrative Motion to File Documents Under Seal with a supporting Declaration of Samuel N. Tiu. Pursuant to Local Rule 79-5(d) defendant provides this declaration to establish the confidentiality of defendant's confidential documents subject to Cardica's Administrative Motion to File Under Seal.

3. The documents and deposition testimony defendant seeks to have maintained under seal generally fall within two categories: (a) documents and deposition testimony identifying potential investors in defendant or disclosing communications between defendant and potential investors; and (b) documents identifying consultants retained by defendant or disclosing communications between defendant and its retained consultants. The documents and deposition testimony relating to the identity of, and communications with, potential investors and consultants that defendant has contacted or with whom defendant has developed relationships are not publicly known and are "trade secrets or other confidential research, development or commercial information" protectable under Local Rule 79-5(d) and FRCP 26(c). The individual documents and deposition testimony are addressed below.

4. Exhibits C-N and P to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction were lodged under seal by Cardica pursuant to Local Rule 79-5(d) because they had been designated

1  by IVIT as "Confidential – Attorneys' Eyes Only" pursuant to Patent Local Rule 2-2. Exhibits D-N
2  and P identify potential investors in defendant or disclose communications between potential
3  investors and defendant, or identify consultants retained by defendant, disclose communications
4  between consultants and defendant or disclose the subject matter with respect to which consultants
5  were retained. Exhibit C contains deposition testimony relating primarily to the subject matter of
6  Exhibits D-N and P, with some exceptions. With respect to those exceptions, the confidentiality
7  designation is withdrawn as described below. Otherwise, the foregoing documents and deposition
8  testimony are protected confidential trade secrets or other protected confidential information under
9  Local Rule 79-5(d) and FRCP 26(c).

10     5.     Exhibit C contains pages 4, 6-7, 13-17, 20-22, 24, 31, 33, 42-44, 46, 49, 50-51, 54, 55
11  of deposition testimony taken from the Certified Transcript of the December 6, 2007 Deposition of
12  Dr. Duane Blatter. Pages 13-17; 20-22; 24; 31; 33; 42; 43 lines 1-9 and 18-25; 44 lines 21-25; 49
13  lines 1-7; 54 lines 22-25 contain testimony regarding confidential information pertaining to potential
14  investors in defendant, consultants retained by defendant and product research and development
15  conducted by defendant and disclosed to investors pursuant to nondisclosure agreements. As such,
16  this deposition testimony contains protectable trade secrets or other protectable confidential
17  information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to
18  Patent Local Rule 2-2. Pages 4, 6-7, 43 lines 10-17, 44 lines 1-20, 46, 49 lines 8-25, 50, 51, 54 lines
19  1-21 and 55 were either not designated as containing confidential information or the confidential
20  designation is hereby withdrawn. A redacted version of Exhibit C containing non-confidential
21  deposition testimony is attached hereto as Exhibit 1 for inclusion in the public record.

22     6.     Exhibit D to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s
23  Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a letter from
24  a potential investor and materials supplier to Dr. Duane Blatter of IVIT L.C. regarding development
25  of IVIT's products. As such, it contains protectable trade secrets or other protectable confidential
26  information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to

27

28  **DE CLARATION OF THOMAS R. VUKSINICK PURSUANT TO**
   **N.D.CAL. L.R. 79-5(d) SUPPORTING CONF OF DEF DOCUMENTS WITHIN**
   **CARDICA'S ADMINISTRATIVE MOTION TO SEAL**
   Case No. C07-2687 SBA                    3

1  Patent Local Rule 2-2. The potential investor and IVIT L.C. exchanged nondisclosure agreements
2  governing the exchange of information between them. See Exh. G to the Tiu declaration.

3  7. Exhibit E to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s
4  Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a letter from
5  a potential investor and materials supplier to Dr. Duane Blatter of IVIT L.C., which includes Dr.
6  Duane Blatter's handwritten notes. As such, it contains protectable trade secrets or other protectable
7  confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential
8  pursuant to Patent Local Rule 2-2. The potential investor and IVIT L.C. exchanged nondisclosure
9  agreements governing the exchange of information between them. See Exh. G to the Tiu
10 declaration.

11 8. Exhibit F to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s
12 Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is an e-mail
13 from a potential investor and materials supplier to Dr. Duane Blatter of IVIT L.C. relating to
14 potential investment in IVIT L.C. As such, it contains protectable trade secrets or other protectable
15 confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential
16 pursuant to Patent Local Rule 2-2. The potential investor and IVIT L.C. exchanged nondisclosure
17 agreements governing the exchange of information between them. See Exh. G to the Tiu
18 declaration.

19 9. Exhibit G to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s
20 Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a letter to a
21 potential investor and materials supplier from Dr. Duane Blatter of IVIT L.C. pertaining to an
22 attached executed Confidentiality Agreement between IVIT L.C. and the potential investor and
23 materials supplier. As such, it contains protectable trade secrets or other protectable confidential
24 information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to
25 Patent Local Rule 2-2. The potential investor and IVIT L.C. exchanged nondisclosure agreements
26 governing the exchange of information between them. See Exh. G to the Tiu declaration.

27
28 **DE CLARATION OF THOMAS R. VUKSINICK PURSUANT TO**
   **N.D.CAL. L.R. 79-5(d) SUPPORTING CONF OF DEF DOCUMENTS WITHIN**
   **CARDICA'S ADMINISTRATIVE MOTION TO SEAL**
   Case No. C07-2687 SBA                    4

1    10. Exhibit H to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a presentation made to a potential investor and materials supplier by Dr. Duane Blatter of IVIT L.C. regarding confidential research, development and implementation of IVIT's vascular products. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2. The potential investor and IVIT L.C. exchanged nondisclosure agreements governing the exchange of information between them. See Exh. G to the Tiu declaration.

11. Exhibit I to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a series of e-mails and Mutual Confidentiality Agreement between a potential investor and Dr. Duane Blatter of IVIT L.C. relating to IVIT L.C.'s vascular products. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2. The potential investor and Dr. Blatter of IVIT L.C. executed a nondisclosure agreement governing exchange of information between them. See Exh. I to the Tiu declaration.

12. Exhibit J to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a presentation made to a potential investor by Dr. Duane Blatter of IVIT regarding confidential research, development and implementation of IVIT L.C.'s vascular products. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2. The potential investor and IVIT L.C. executed a nondisclosure agreement governing exchange of information between them. See Exh. I to the Tiu declaration.

13. Exhibit K to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is a investor contact list compiled by Dr. Duane Blatter of IVIT L.C. As such, it contains protectable trade

1  secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2.

14. Exhibit L to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is an executed copy of a Consulting Agreement between IVIT L.C. and a consultant. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2.

15. Exhibit M to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is an executed copy of a Consulting Agreement between IVIT L.C. and a consultant. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2.

16. Exhibit N to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss For Lack of Personal Jurisdiction is an executed copy of an Agreement for Professional Services between a consultant and IVIT L.C. As such, it contains protectable trade secrets or other protectable confidential information under Local Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2-2.

17. Exhibit P to the Declaration of Samuel N. Tiu in Support of Plaintiff Cardica, Inc.'s Opposition to Defendant IVIT's Motion to Dismiss for Lack of Personal Jurisdiction is an expense reimbursement form which identifies an IVIT L.C. consultant under the "Description/Purpose" portion of the form. As such, it contains protectable trade secrets or other protectable confidential information under Rule 79-5(a) and FRCP 26(c) and designated confidential pursuant to Patent Local Rule 2.2.

18. Cardica has redacted portions of its opposition to defendant IVIT's Motion to Dismiss for Lack of Personal Jurisdiction which quote from or summarize the above-described materials designated by defendant as confidential pursuant to Patent Local Rule 2-2. Defendant joins Cardica's request that these portions of its opposition be filed under seal.

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2008 in Salt Lake City, Utah.


                                                  /s/  Thomas R. Vuksinick
                                                  Thomas R. Vuksinick

---

**DE CLARATION OF THOMAS R. VUKSINICK PURSUANT TO**
**N.D.CAL. L.R. 79-5(d)  SUPPORTING CONF OF DEF DOCUMENTS WITHIN**
**CARDICA'S ADMINISTRATIVE MOTION TO SEAL**
Case No. C07-2687 SBA                    7

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: *jolson@sidley.com* and *stiu@sidley.com*; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Paul Howard Meier
> Sidley Austin LLP
> 555 West Fifth Street, Suite 4000
> Los Angeles, CA  90013

Executed on January 9, 2008, at Salt Lake City, Utah.

WORKMAN NYDEGGER

By   /s/ Thomas R. Vuksinick
        BRENT P. LORIMER
        THOMAS R. VUKSINICK
        CHAD E. NYDEGGER

Attorneys for Defendant Integrated Vascular
Interventional Technologies, L.C.

J:\168901\010 Decl of TRV re Motion to Seal.doc

**DECLARATION OF THOMAS R. VUKSINICK PURSUANT TO**
**N.D.CAL. L.R. 79-5(d)  SUPPORTING CONF OF DEF DOCUMENTS WITHIN**
**CARDICA'S ADMINISTRATIVE MOTION TO SEAL**
Case No. C07-2687 SBA                    8