**United States District Court**
For the Northern District of California

1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   CARDICA, INC., a Delaware                    No. C 07-2687 SBA
    corporation,
8                                               **ORDER**
                Plaintiff,
9   v.                                          [Docket No. 14]

10  INTEGRATED VASCULAR
    INTERVENTIONAL TECHNOLOGIES,
11  L.C., a Utah limited liability company,

12              Defendant.
                                                         /
13

14       Currently before the Court is defendant Integrated Vascular Technologies' motion to dismiss

15  plaintiff's complaint for lack of personal jurisdiction [Docket No. 14]. Having read and considered the

16  arguments presented by the parties in the papers submitted to the Court, the Court finds this matter

17  appropriate for resolution without a hearing.  For the reasons articulated below, the Court hereby

18  DENIES the motions to dismiss.

19                                     **BACKGROUND**

20       Plaintiff Cardica, Inc. ("Cardica"), alleges claims against defendant Integrated Vascular

21  Technologies ("IVIT")[1]  for patent interference under 35 U.S.C. § 291 and for patent invalidity under

22  35 U.S.C. §§ 112 and 135(b), asserting that the U.S. Patent and Trademark Office ("PTO") improperly

23  issued U.S. Patent No. 7,220,268 ("the '268 patent").  As is relevant to jurisdiction, Cardica's complaint

24  alleges that IVIT or one or more of its predecessors in interests, including Dr. Duane Blatter, conducts

25

26       [1] The complaint names Integrated Vascular Technologies, LC ("IVIT, LC"), a limited liability
    company, as the assignee of the '268 patent and sole defendant. As a result of a merger, IVIT, Inc., a
27  corporation, is in fact the owner of the '268 patent, and the proper defendant in this action. For
    convenience, and unless indicated otherwise, references to "IVIT" include both IVIT, LC and IVIT, Inc.
28

**United States District Court**
For the Northern District of California

1 business in California, including Blatter's having traveled to San Francisco, California to attend a

2 scientific meeting in San Francisco, California where Blatter purportedly invented the subject matter

3 that is at issue in this interference action.  The complaint alleges that in March of 1998, Blatter attended

4 a scientific conference in San Francisco for purposes of satisfying requirements for professional

5 continuing education in connection with his licensure as a physician. *See* Compl. ¶ 18.  While in San

6 Francisco, he allegedly conceived of the idea for the '268 patent.  *Id.* At the time Dr. Blatter conceived

7 of the idea for the '268 patent, neither IVIT, LC nor IVIT, Inc. existed. Blatter founded IVIT, LC a few

8 months after conceiving of the subject matter of the '268 patent in order to exploit the technology

9 underlying the patent. *See* Tiu Decl. Ex. C. (Blatter Dep.) at 50:8-24.

10 IVIT initiated interference proceedings[2] before the PTO in 2005, arguing that Cardica's Patent

11 No. 6,391,038 interfered with Blatter's application for what eventually issued as the '268 patent. *See* Tiu

12 Decl., Ex. Q at 6. IVIT argued that Blatter constructively reduced to practice, the subject matter of the

13 '268 patent prior to the issuance of Cardica's '038 patent. However, the PTO rejected IVIT's claim of

14 priority and awarded priority of the subject matter to Cardica. Compl. ¶ 19. IVIT obtained the allowance

15 of a continuance application, and in response Cardica filed the instant lawsuit seeking declaratory relief.

16 Cardica "seeks a ruling pursuant to 35 U.S.C. § 291 that the claims within the '268 patent that interfere

17 with claims in the '038 patent and/or '712 patent are invalid." Compl. ¶ 33.

18 IVIT filed the instant motion to dismiss on October 1, 2007, arguing  that Cardica's lawsuit

19 should be dismissed for lack of personal jurisdiction. *See* Docket No 14. Specifically, IVIT argues that

20 California does not have personal jurisdiction over IVIT because: 1) Blatter's contacts with California

21 are insufficient to confer jurisdiction over IVIT because his conception of the subject matter of the '268

22 patent in the state was fortuitous rather than purposeful; and 2) IVIT's connections with California are

23 not continuous and systematic.

24

25

26 [2] The purpose of an interference proceeding is to "resolve the question of priority of invention
27 when more than one applicant seeks a patent on substantially the same invention." Donald S. Chisum, Chisum on Patents § 10.09[1][a] (2006); 35 U.S.C. § 135.

28 2

1

**LEGAL STANDARDS**

2      In patent cases, where the personal jurisdictional inquiry is "intimately involved with the

3   substance of the patent laws," the district court must apply Federal Circuit law.     *Elecs. for Imaging,*

4   *Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.

5   1995).   Where the district court's disposition as to the personal jurisdictional question is based on

6   affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only

7   make a *prima facie* showing that defendants are subject to personal jurisdiction. *See Elecs. for Imaging,*

8   *Inc. v. Coyle*, 340 at 1348 (citing *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,

9   297 F.3d 1343, 1347 (Fed.Cir.2002)). The district court must accept the uncontroverted allegations in

10  the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.

11  *Deprenyl*, 297 F.3d at 1347.

12      Determining whether personal jurisdiction exists over an out-of-state defendant involves two

13  inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion

14  of personal jurisdiction would violate due process.  *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123

15  F.3d 1455, 1458 (Fed. Cir.1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)).

16  However, because California's long-arm statute is coextensive with the limits of due process, the two

17  inquiries collapse into a single inquiry: whether jurisdiction comports with due process. *Inamed Corp.*

18  *v. Kuzmak*, 249 F.3d 1356, 1359-1360 (Fed. Cir. 2001)

19      The exercise of jurisdiction over nonresident defendants of a forum state is not inconsistent with

20  due process where the nonresident defendants have certain "minimum contacts" with the forum "such

21  that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

22  *Electronics For Imaging*, 340 F.3d at1350 (quoting *International Shoe v. Washington*, 326 U.S. 310,

23  316 (1945)). The Federal Circuit has set forth a three-factor test to determine whether asserting

24  jurisdiction over an out-of-state defendant comports with due process. The three factors are: (1) whether

25  the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim

26  "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of

27

28                                                  3

United States District Court
For the Northern District of California

1  personal jurisdiction is "reasonable and fair." *Akro*, 45 F.3d at 1545.

2  **ANALYSIS**

3  **A.     Conception of the Subject Matter of the '268 Patent in California**

4  One basis upon which Cardica relies for the assertion of specific personal jurisdiction[3] is Blatter's

5  alleged conception of the subject matter of the '268 patent while attending a scientific conference in San

6  Francisco, California.  The question of whether the location of conception is relevant to a court's

7  jurisdictional inquiry appears to be one of first impression. However, it is well established that the

8  "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely

9  as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King.*, 471 U.S. at 475. In this

10 case, there is nothing to suggest that Blatter's conception of the device in California, as opposed to Utah,

11 is anything other than "random [or] fortuitous." *Elecs. For Imaging*, 340 F.3d at 1351.

12 The first prong of the specific personal jurisdiction analysis requires that the non-resident

13 defendant have "purposefully directed," its activities at California or that it has "purposefully availed"

14 itself of the privilege of conducting activities within California, thereby invoking the benefits of its laws.

15 *Akro*, 45 F.3d at 1545. There is no evidence to suggest that Blatter "purposefully directed" his

16 conceptual activity toward California, or that he "purposefully avail" himself of the privilege of

17 conducting business activities in California, or the benefits of its laws, by merely mentally conceiving

18 the subject matter of the '268 patent while in California.[4]

19 That Blatter was in San Francisco when the idea of the subject matter of the '268 patent occurred

20 to him appears to be strictly a matter of happenstance.  Such a fortuitous, random or attenuated contact

21 with California is not sufficient to support specific or general personal jurisdiction. *See Elecs. For*

22 *Imaging*, 340 F.3d at 1351. Indeed, Cardica offers neither authority nor logical argument for the novel

23 claim that the locality of the conception of an invention is sufficient to confer personal jurisdiction

24

25 [3] Cardica does not argue that IVIT is subject to general personal jurisdiction.

26 [4]While Cardica pays lip service to the claim that Dr. Blatter commenced his exercise of
27 "diligence" to reduce the invention to practice in California, as IVIT correctly points out, there is no
evidence that this is actually the case. *See* Reply at 10.

28                                                                   4

*United States District Court*
*For the Northern District of California*

1  justifying Blatter or IVIT to have "reasonably anticipate[d] being haled into court there" on that basis.

2  *See Burger King*, 471 U.S. at 475. Accordingly, the Court holds that mere conception of the subject

3  matter of the patent in California, without more, is insufficient for this Court to exercise personal

4  jurisdiction over IVIT.[5]

5  **B.      IVIT's Other Contacts With California**

6        While the mere fortuitous conception of the invention in California is insufficient to confer

7  personal jurisdiction, Cardica also argues that IVIT's actions in sending two representatives to

8  California to demonstrate the technology underyling the '268 patent, in combination with the solicitation

9  of investment in the related technology in California, as well as IVIT's entering into contracts with

10  various consultants in California, are sufficient to confer personal jurisdiction under the Federal

11  Circuit's "minimum contacts" jurisprudence. *See* Opp'n at 5-6. Indeed, the Federal Circuit relied on

12  precisely such activity in the context of a patent invalidity claim to find that the defendants had

13  purposefully directed their activities to California and were subject to personal jurisdiction there. In

14  *Elecs. For Imaging*, two representatives of defendants visited the plaintiff's facility in California for the

15  purpose of demonstrating the technology underlying what later issued as the patent-in-suit. The Court,

16  taking this demonstration of technology into account in addition to other patent-related activities in

17  California by the defendants, held that "[f]ar from being random, fortuitous, or attenuated, the totality

18  of these contacts sufficiently make out [the plaintiff's] prima facie case that defendants, by 'engag[ing]

19  in significant activities' in California, purposefully directed their activities to California." *Elecs. For*

20  *Imaging*, 340 F.3d at 1351.

21        IVIT responds by focusing on the fact that the gravamen of Cardica's action is for interference

22  pursuant to 35 U.S.C. § 291, and that the focus of such a claim is the priority of invention. Therefore,

23  IVIT argues, marketing activities in California after the alleged date of reduction to practice have no

24

25       [5] In light of the Court's holding that Blatter's fortuitous conception of the invention in California
26  is insufficient to confer personal jurisdiction, the Court does not reach IVIT's argument that Blatter's contact with California cannot be imputed to IVIT because Blatter was attending the scientific
27  conference in his personal capacity, and neither IVIT, LC or IVIT, Inc. existed at the time of the conference.

28                                 5

**United States District Court**
For the Northern District of California

1 relevance to Cardica's specific interference claims. However, the Federal Circuit's holding in *Elecs. For*

2 *Imaging* is to the contrary and on point. An interference action is a species of invalidity action,[6] and

3 IVIT's reasoning directly conflicts with the Federal Circuit's reliance in *Elecs. For Imaging* on the

4 demonstration of the patented technology within the forum state in the context of an invalidity action.

5 *Elecs. For Imaging*, 340 F.3d at 1350 ("the visit of defendants' representatives to demonstrate the

6 technology that formed the subject matter of the [patent-in-suit] . . . clearly arise out of or are related

7 to [the plaintiff's] claim that the [patent-in-suit] is invalid"). Furthermore, while IVIT argues that only

8 forum-related activity *directly* related to the question of priority can be considered by the Court in

9 determining the proper jurisdiction for Cardica's interference claim, IVIT offers no legal authority to

10 support the proposition that the "arise out of" or "relate to" tests as articulated by the Federal Circuit

11 require such a fine-grained isomorphism between the legal grounds for the patent lawsuit and the patent-

12 related activity in the context of an invalidity claim.

13     Accordingly, in light of the Federal Circuit's guidance in *Elecs. For Imaging*, the Court finds

14 that there is a sufficient nexus between IVIT's forum-directed activities and Cardica's claims to confer

15 personal jurisdiction over IVIT.

16 **C.    Whether the Assertion of Personal Jurisdiction is Reasonable and Fair**

17     IVIT has not offered any argument, much less a "compelling case," that litigating this case in

18 California would not be "reasonable and fair." *See Akro*, 45 F.3d at 1545; *Elecs. For Imaging*, 340 F.3d

19 at 1354. Plaintiff Cardica maintains its principle place of business in California, and it is undisputed that

20 California "has a 'manifest interest' in providing its residents with a convenient forum for redressing

21 injuries inflicted by out-of-state actors." *Akro,* 45 F.3d at 1549 (citations omitted).

22                              **CONCLUSION**

23     Cardica has met its burden of making a *prima facie* showing that IVIT is subject to personal

24 jurisdiction in Califonia.  Accordingly, IT IS HEREBY ORDERED that the motion to dismiss [Docket

25

26     [6] 35 U.S.C. § 291 provides in part: "The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of

27 the interfering patents."

28                                    6

**United States District Court**
For the Northern District of California

1 No. 14] is DENIED.

2     IT IS FURTHER ORDERED THAT a case management conference is scheduled for April 23,

3 2008 at 3:45 p.m. The parties shall meet and confer prior to the conference and shall prepare a joint Case

4 Management Conference Statement which shall be filed no later than 10 days prior to the Case

5 Management Conference  that complies with the Standing Order For All Judges Of The Northern

6 District Of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the

7 statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510)

8 637-3559 at the above indicated date and time.

9     IT IS SO ORDERED.

10

11

Dated: 3/18/08                    SAUNDRA BROWN ARMSTRONG
12                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**United States District Court**
For the Northern District of California